### Illinois Central Railroad Company v. Levi Hobbs.

1. BURDEN OF PROOF—*Action for Personal Injuries.*—In actions for personal injuries, the law requires the plaintiff to show that the defendant has been guilty of doing something which a person of ordinary care would not do, or of omitting to do something which a person of ordinary care would do.

2. NEGLIGENCE—*Not Presumed.*—Negligence is not presumed merely because there has been an accident, if what has been done or omitted was in the usual course of such matters, and was not in itself improper.

3. SAME—*The Proper Inquiry.*—In actions for negligence the inquiry is not whether the accident might have been avoided if it had been anticipated, but whether, under all the circumstances, it was negligence not to anticipate and provide against its occurrence, in the exercise of ordinary prudence.

4. SAME—*Accidents, etc.*—In cases where negligence is not apparent, injuries resulting are classed as accidental. As a general rule, where an appliance, such as a platform, not obviously dangerous, has been in daily use for years and has uniformly proved adequate and safe, it may be continued without the imputation of negligence.

**Trespass on the Case,** for personal injuries. Appeal from a judgment of the Circuit Court of Effingham County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

APPELLANT'S BRIEF, WILLIAM H. GREEN AND WOOD BROTHERS, ATTORNEYS.

"From the earliest reported case in our reports, where the question was passed upon, to the present time, a period

of more than thirty years, the general rule has been declared, and recognized in opinions announced from time to time, that in order to recover for injuries from negligence, it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety." Calumet Iron & Steel Co. v. Martin, 115 Ill. 358.

The court cites forty-three cases in the body of the opinion to uphold the above doctrine.

APPELLEE'S BRIEF, E. N. RINEHART AND S. F. GILMORE, ATTORNEYS.

It is the duty of railroad companies to provide platforms or other conveniences at their passenger stations for the purpose of enabling passengers to enter upon and depart from the cars with convenience and safety. Shearman and Redfield on Negligence, Secs. 277, 447; Foy v. London, Brighton R. Co., 18 C. B. 225, cited in note to Sec. 277; 23 Am. & Eng. Ency. of Law, 128; Collins v. Toledo R. Co., 80 Mich. 390.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The basis of this action is a personal injury which is alleged to have occurred as follows: "That plaintiff, while in the exercise of due care and caution, in attempting to board a passenger train of defendant at Edgewood, for the purpose of being carried, as a passenger, to Mason, another station, for a certain reward, by reason of the defendant's neglect to provide a safe and suitable platform, or other means of boarding trains at Edgewood, and not from any fault or neglect upon his part, slipped, and his foot gave way, and while holding with his hands to the railing and supports on the steps leading to the platform of the car, by means whereof one of plaintiff's knees was greatly sprained, bruised and injured." The evidence shows there was what is called a cinder platform, which had been constantly used at Edgewood for over ten years, which came up to about the level with the top of the iron rail of the track. The distance

from the cinders to the lower step of the car, which plaintiff boarded, was from 20 to 23 inches.

This was the usual place for passengers to board and alight from passenger trains, some eight of which stopped there daily. The plaintiff had, a number of times, got on and off the cars at the same place. He describes the occurrence as follows: "I took hold of the guard railing of the most hind part with my right hand, had my valise in my left hand, placed my right foot upon the platform; as I was getting nearly up my knee swerved and gave way and brought this knee down to the second step of the coach. With the hand I had hold of the guard, I recovered and pulled myself up."

In his letter to the company, describing the accident, soon after it occurred, he said, "When I placed my foot up and was in the act of raising my body, my knee seemed to turn, or swerve, from some cause, I can not tell what, and I felt as though my knee had been broken. I still climbed up and stood on the platform, trying to recover from the hurt."

It will be observed he did not slip, as charged in the declaration. That plaintiff was quite seriously injured is unquestionable. No complaint is made of the amount of damages allowed. The position of appellant is that no cause of action is shown by the evidence. The case is peculiar. The only negligence claimed is that the step was too high from the cinder platform. It was from 20 to 23 inches. Hundreds, and probably thousands, of passengers had yearly been boarding and alighting from the cars at the same place, under the same conditions, and so far as this record shows, no other accident occurred. There is nothing in this record to show that many other platforms are not in the same condition on this and other roads. The law does not determine how, or of what material a platform shall be constructed. The platform at Edgewood was solid and smooth. It was not elevated. The law requires that it shall be suitable and safe. The declaration avers that it was neither. The law required appellee to prove that fact, that is, "that the railway company has been guilty of doing something which a rail-

way company of ordinary care would not do or has omitted to do something which a railway company of ordinary care would do." M. C. R. R. Co. v. Coleman, 28 Mich. 448.

Negligence is not presumed merely because there was an accident, if what was done or omitted was in the usual course; if it was not in itself improper. Mitchell v. C. G. T. Ry. Co., 51 Mich. 236.

The inquiry is not whether the accident might not have been avoided if it had been anticipated, but whether, under all the circumstances, it was negligence not to anticipate and provide against its occurrence in the exercise of ordinary prudence. W., St. L. & P. Ry. Co. v. Locke, 112 Ind. 404.

Ordinarily, if negligence is not apparent and an injury occurs, it belongs to that class designated as accidental. Id. As a general rule, where an appliance, such as a platform, is not obviously dangerous, has been in daily use for years, and has uniformly proved adequate, safe and convenient, it may be continued without the imputation of negligence. Laften v. B. & S. R. R. Co., 106 N. Y. 136. The case of D. L. & W. R. R. Co. v. Napheys, 90 Penn. St. 135, in its facts is very like this one. It is there said : " The evidence showed that the height from the top of the lower step to the rail was sixteen inches, and to the ground where Mrs. Napheys alighted not more than twenty-one inches, and probably not more than nineteen. On stepping down from the lowest step of the car platform, she advanced her left foot first to the ground, leaving her right foot upon the step, and while in that position, without any apparent cause, her right knee-cap snapped and was fractured. There was no slipping or stumbling, or any external injury by a blow or force of any kind."

In the case under consideration, the appellee said, " There was plenty of light;" " I have frequently gotten on at this place without injury;" " the step was all right," meaning the step of the car. In the Napheys case, the court say, " They (meaning the lady and her husband) had every opportunity of seeing and knowing where she was going and controlling her movements. If the lower step was inconven-

iently or dangerously high for her in the condition she was, she and her husband had as good an opportunity as any one else of knowing the fact. If they had any apprehension of danger or even inconvenience in descending from the lower step, there was nothing to prompt them to incur the risk. They might have called 'on those in charge of the train to provide a better and more convenient means of egress if they deemed it necessary." This language is applicable to the facts in this case. Doubtless, appellee, before the accident, never suspected there was any danger, although he had full knowledge of every fact that appellant had. While the court in the Napheys case reversed because the court below held the law to be that if the appellee used due care the fact of an injury resulting was *prima facie* evidence of negligence, yet it is difficult to see how there could be a recovery under the above holding as to care.

In the case of Siner v. The G. W. Ry. Co., L. Ex. Reports, Vol. 3, p. 150, and 4, p. 115, it was held, where a passenger, with knowledge of conditions, attempted to alight where there was no platform, without request of the servants of the company for relief, and was injured, there could be no recovery.

In this case, appellee's counsel assumes erroneously there was no platform, and the court in the instructions submitted it as a controverted fact. The undisputed evidence is, there was a cinder platform for passengers to use. It was not elevated, but it is common knowledge, as shown by the Napheys case, that many depot platforms, especially in large cities, are on a level with the railroad track. The question in this case was not whether there was a platform, but whether it was suitable, sufficiently elevated for the use of passengers, and should the appellant, in the exercise of that care that pertains to proper railroading, under all the circumstances of its long use, have anticipated the accident and provided against it? Care and caution relate to "foresight," and not "hindsight." The care required as to the platform was ordinary and not extraordinary. Penn. Co. v. Marion, 104 Ind. 239.

The judgment is reversed and the cause remanded.