### BRODIE v. THE CAROLINA MIDLAND R. R. CO.

1. NONSUIT—CONTRIBUTORY NEGLIGENCE.—The Circuit Judge properly refused the motion for nonsuit in this case, because the evidence introduced by plaintiff was not conclusive as to contributory negligence.
2. CHARGE.—A Circuit Judge is not required to adopt the exact words used in a request to charge, but he must see that every proper request is embodied in his charge.
3. IBID.—It is not error in a Circuit Judge to refuse to charge that if a passenger leave a car by the more perilous of two ways of egress, he was guilty of contributory negligence, because that question is one of fact.
4. IBID.—If a faulty proposition is put in a request to charge, the Circuit Judge is not in error in refusing to charge the whole request.
5. IBID.—It is not error to refuse to charge an abstract proposition of law in no way connected with the case as made.
6. CASE CONSTRUED.—Sims *v.* R. R., 27 S. C., 271.
7. CHARGE—NEGLIGENCE.—The question as to whether a railroad has observed due care of its passengers, in the failure of the conductor to assist a passenger in disembarking, is one of fact for the jury and not of law.

Before GARY, J., Aiken, April term, 1895. Affirmed.

Action by Emma Q. and George W. Brodie against the Carolina Midland Railway Company, commenced October 16th, 1893, on the following complaint:

The complaint of the above named plaintiffs respectfully shows unto this court:

1. That the defendant, the Carolina Midland Railway Company, was at the time hereinafter mentioned, and is now, a body politic and corporate, under and by the laws of this State, owning a railroad track, cars, and locomotives, and operating such railway with a part of its track situated in the county of Aiken.

2. That on or about the 1st day of June, 1893, the plaintiff, Emma Q. Brodie, for a valuable consideration, pur-

chased of a conductor on a passenger train of the defendant company a round trip passage from Whaley's to Sally's Station, on said railway, and from said Sally's back to said Whaley Station.

3. That it was the duty of said defendant to furnish and maintain safe and suitable platforms, or other means of landing, so that the passenger may safely alight from the cars upon said railway; and it was also the duty of said defendant company to furnish suitable stools, or other means, to aid in disembarking from their trains, so that the passengers thereon could alight from the cars in safety.

4. That the plaintiff, in accordance with her right as a passenger under said round trip passage, purchased as aforesaid, did, on said 1st day of June, 1893, board a passenger train on said railway at Whaley Station and was carried to said Sally's Station, and she did on the same day take passage on a passenger train of said defendant company at Sally on her return trip to said Whaley Station.

5. That as the train upon which the said plaintiff had taken passage stopped at said Whaley Station, the defendant, in disregard of its duties as aforesaid, carelessly and negligently stopped said train short of the platform at said station, so that the plaintiff, Emma Q. Brodie, was compelled to alight at a point where the distance from the lower step of the cars to the ground was so high as rendered it unsafe for passengers to alight; and the plaintiff further charges that the defendant and its servants carelessly and negligently failed to furnish a stool, or other means, which it was necessary to have in order that passengers might get off the train in safety. And by reason of such negligent acts and omissions of duty on the part of the defendant and its servants, the said plaintiff was compelled to jump to the ground in leaving said cars at an improper and unsafe point, and at an unsafe height, whereby she was violently jarred, and thereby caused serious injury to her womb, which immediately brought on severe pains, causing the said plaintiff serious illness and

much pain, resulting in a miscarriage to plaintiff, and confining her to her bed and room for a considerable while, to her damage in the sum of two thousand dollars.

6. That the plaintiff, George W. Brodie, is the husband of the plaintiff, and is, therefore, a proper party to this action.

Wherefore the plaintiff demands judgment against the defendant for the sum of two thousand dollars and the costs of this action.

The defendant answered by general denial, and set up contributory negligence.

On trial, the defendant submitted the following requests to charge:

I. If the jury find that the railway company was not negligent in providing proper and safe means of egress from the car in which the plaintiff was riding, the plaintiff is not entitled to recover.

II. If the railway company was guilty of negligence in the premises, and yet if the plaintiff was lacking in care and prudence in getting off the train, the plaintiff cannot recover. *Carter* v. *R. R. Co.*, 19 S. C., 26.

III. If the defendant company was negligent, and, at the same time, the plaintiff, by the exercise of ordinary care, could have avoided the accident, and did not, he cannot recover. *Ibid.*, 26.

IV. When the plaintiff has contributed to the accident to the extent of furnishing a proximate cause thereof, the defendant is exempt from liability. *Ibid.*, 29.

V. When the rights and obligations of one party are made to turn upon the proper caution of another, the standard by which the fact is tested is that of a prudent, reasonable person, in possession of ordinary senses and capacities. When arrangements are made suitable and proper for such persons, nothing more should be required, and one falling below this standard, either physically or mentally, should be cautious and prudent in proportion to

such defects. *Renneker* v. *R. R. Co.*, 20 S. C., 222 (confirmed in *Simms* v. *R. R.*, 27 S. C., 221).

VI. Railway companies do not insure the safety of passengers under all circumstances. This liability is conditioned on the exercise of reasonable and proper care and caution on the part of the passengers. *Ibid.*, 222.

VII. Negligence is a failure to do what a reasonable and prudent person would have done under the circumstances of the situation, or doing what such a person would not have done under the existing circumstances. The essence of the fault may lie in omission or commission. *Ibid.*, 222.

VIII. When there are two ways of leaving a train, one safe and the other less safe, and a passenger leaving by the latter way, and is injured, cannot recover, because, in selecting the more perilous way, he was guilty of contributory negligence. *Graham* v. *Penn. R. R. Co.*, 59 Fed. Rep., 567.

IX. A railway company which provides proper and safe means of egress from its trains is not liable in damages to one who seeks to leave the train by another way, and is injured by falling into a cattle yard (or in any other way). *Sturgis* v. *Detroit G. & M. R. R. Co.*, 40 N. W. Rep., 914.

X. Passengers are not entitled to have every precaution to insure safety, which is possible to suggest, after an accident has occurred. 2 Redf. Rail., 201.

XI. It is not negligence for a conductor to fail to assist a passenger to disembark from a car. *Simms* v. *R. R. Co.*, 27 S. C., 270.

XII. The fact that the conductor failed to assist a passenger to disembark from the train, whom he had not been notified needed assistance, is not a fact to be submitted to the jury, in considering the question of negligence. *Ibid.*, 270.

XIII. If the plaintiff, on going to alight, saw that the step was too high for her to take safely, and yet she took it without asking assistance, when she could have done so, she contributed to her own injury, and cannot recover.

The judge charged the jury as follows:

Mr. Foreman and gentlemen of the jury: Before charging you upon the law of this case, I think it would be well to call your attention to what are the issues as made by the pleadings. I propose to give you a synopsis of what they contain. You will have them in your room; if you desire, you can read them while you are in your room.

The plaintiff charges that, on or about the first day of June, 1893, that she purchased a round trip ticket from a station on the Carolina Midland Railway to another station on that road by the name of Sally's, which entitled her to go to Sally's and return on that ticket. In returning home, the train did not stop at the usual place, but at a place upon which it was difficult for her to alight, and negligently failed to furnish her a stool in order to aid her in alighting from the train, and by reason of that negligence she stepped off the train and jarred herself, and received an injury which you have heard described here on the stand. The defendant joins issue on that charge, and sets up as defence that if she was injured, she contributed by her own act and carelessness to that injury.

Now you see from the outset that the railroad is charged with negligence—the plaintiff charges the railroad with being negligent, and the railroad charges the plaintiff with being negligent. I charge you that the duties of a common carrier and a passenger are reciprocal. The law charges the common carrier to use a high degree of care. For the use and enjoyment of passengers it requires it to have safe appliances for entering the train and also safe appliances for departure from the train—egress and ingress. A railroad is said to be a common carrier when it undertakes to carry passengers from one station to another along its line, for pay. That makes it a common carrier. If you find that this road is a common carrier (and about which I take it there is no dispute), it must provide suitable appliances for entering the train and departing therefrom. The liability of the common carrier continues until the passenger

has departed from the train. Now, they charge that the
common carrier negligently stopped at a place unsuited for
passengers to alight from; and further, in not furnishing
these suitable appliances to assist in alighing from the train.
Now that is a question for you, and in determining whether
or not there was negligence, you must take into considera-
tion the fact of the place and the surroundings. You must
take into consideration the nature of the appliances that
were furnished by the railroad company, and if you find
from the evidence that they were negligent in not furnish-
ing these appliances, and in consequence of that negligence
the plaintiff has received an injury, I charge you that the
railroad company is responsible for the injury she received.
That is a duty imposed upon a common carrier.

Now there is a duty imposed upon the passenger. If you
find from the evidence that the plaintiff, by the use of ordi-
nary care, could have avoided the injury, the defendant is
not liable, even if you should conclude that there was neg-
ligence on the part of the railroad company. Ordinary care
is such care as a prudent person would have used or exer-
cised under the circumstances surrounding the plaintiff at
the time the accident is alleged to have occurred. The law
requires that a passenger on a railroad train shall use every
reasonable care to avoid injury to himself, and if he fails to
use such care he cannot recover.

If you find that the railroad company was negligent, did
the plaintiff on her part use ordinary care in alighting from
that train? If she did not use ordinary care she could not
recover from the railway company, because the duties are
reciprocal. Now, what is ordinary care? I shall give it to
you in the language of the counsel for the defence. He has
tersely stated it. Negligence is a failure to do what a rea-
sonable and prudent person would have done under the
circumstances of the situation, or doing what such a person
would not have done under the existing circumstances.
The essence of the fault may lie in the commission or omis-
sion. That, I charge you, is negligence. Now, did the

railroad company use such appliances as would warrant the proper management and maintenance of a common carrier? And did the passenger use such care as a person of ordinary foresight and prudence—as an ordinary person would have done? If she did, and the railroad company was negligent and through that negligence she was injured, why, the railroad company would be liable for damages, and whatever damages you think she has made out from the evidence, not exceeding $2,000. That is the general charge which I desired to give you. The counsel in this case on both sides have relieved me very much from going into a very extensive charge by preparing their requests, some of which I will charge, and some I will not.

"That it is the duty of the railway company to furnish safe arrangements for passengers to enter the cars, and it is also their duty to furnish proper cars and appliances, so that they may carry their passengers in safety to their destination; and it is further their duty to provide such means and arrangements so that the passengers may alight in safety from the train. That in the discharge of their duties the law imposes a high degree of care upon the railway company, and if they negligently fail to discharge such duty towards their passengers, and the passenger is injured in consequence of such negligence, then the railway company would be liable for damages."

"If the jury find from the evidence that the defendant company failed to provide such means and arrangements at Whaley Station, so that the plaintiff, Emma Q. Brodie, could alight from the train in safety, and she was injured while so alighting from the train by reason of the negligence of the defendant to furnish the proper means to her to get off the train, then the defendant would be liable, and the verdict should be for the plaintiff." That I charge you, provided that by the use of ordinary care the plaintiff could have avoided the injury—that is, such care as a man of ordinary prudence and caution would have used under the surrounding circumstances.

14—46

"If the jury find from the evidence that the defendant stopped their train for passengers to alight at Whaley's Station at a place which was unsafe and dangerous for passengers to alight, and that the plaintiff was told or encouraged to get off at such place, and while so doing she was injured, then the defendant would be liable, and the verdict should be for the plaintiff." If she did not contribute to the accident by the want of ordinary care; by the failure to observe ordinary care.

These are the requests of the plaintiff that I have allowed. I will now read the defendant's requests:

"If the jury find that the railway company was not negligent in providing safe and proper means of egress from the car in which the plaintiff was riding, the plaintiff is not entitled to recover." That I charge to be the law. There must be negligence on the part of the railroad.

Second. "If the railway company was guilty of negligence in the premises, and yet if the plaintiff was lacking in care and prudence in getting off the train, the plaintiff cannot recover." That I charge you as I have already charged. Charged with the duty of ordinary prudence and care.

Third. "If the defendant company was negligent, and, at the same time, the plaintiff, by the exercise of ordinary care, could have avoided the accident, and did not, she cannot recover." That I charge you as I have already stated.

Fourth. "When the plaintiff has contributed to the accident to the extent of furnishing a proximate cause thereof, the defendant is exempt from liability." That I charge you as I have already included.

I have charged you already the defendant's request as submitted as negligence. The remaining requests I have refused to charge you. So, now, in summing up, was the plaintiff injured by the railroad company? The charge here is, that she received injury through the negligence of the railroad company in the manner I have indicated. The defence is, that some of the witnesses have testified

that it was dangerous for a woman in the state this woman stated she was in to ride upon a train. If she received her injury while riding upon the train, she could not recover for that, because the railroad company could not be responsible for such loss. If the injury was received in any other manner than by the cause of alighting from that train, she cannot recover. She must come forward and show you that she received her injury as complained here by alighting from that train through the negligence of the railroad company in not furnishing proper appliances, or putting a stool for her to step down. If you find that the railroad company caused the injury, after she used ordinary care in alighting from the train with the appliances that they furnished for her, and in so doing she was not wanting in ordinary care, then I charge you she is entitled to the amount of damages she has sustained.

Now what is the damages? I charged you as part of the plaintiff's requests, that if the jury find for the plaintiff, you should give such amount of damages as would compensate her for the loss of time occasioned by her injury for the pain and suffering which she was thereby caused. The plaintiff requests me to charge you also for doctor's bill; that I cannot charge you, because there no such complaint; there is no amount proven as doctor's bill.

Mr. Croft: You are right, we did not prove any doctor's bill.

The court continuing: If you find for the plaintiff, then you should give such an amount of damages as would compensate her for the loss of time occasioned by her injury and for the pain and suffering which she was thereby caused. Now the form of your verdict will be, "We find for the plaintiff" (if you find for the plaintiff) so many dollars and cents, writing it out in words. If you find for the defendant, say, "We find for the defendant," and write your name under it, and the word "Foreman" after it.

Bearing in mind that the burden of proof of showing negligence of the railroad is upon the plaintiff, and the

burden of showing contributary negligence of the plaintiff is upon the railroad, which makes, itself, a charge of negligence, and the burden is upon the party to show what it sets up.   Now take the testimony as you have heard the facts and circumstances, as you have heard them here detailed upon the stand, and make your estimate of what you think would be reasonable compensation that she has sustained, if she has sustained them through the negligence of the railroad company, and not through any acts of her own contributing to them.   If you find that she has not shown by the preponderance of the evidence that she has sustained damages, then your verdict would be for the defendant.

On Thursday morning, April 25, the jury rendered a verdict for the plaintiff for $1,000.

From this judgment the defendant appeals on the following exceptions:

I. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing defendant's motion for a nonsuit on the grounds (1) that the plaintiff, Emma Q. Brodie, testified that she was three months gone in pregnancy; that she had to take a good deal longer step in getting off the train than usual; that it was too high for her to step off, and she had to jump off.   That she tried to step and could not and had to jump; that she tried to ease herself down and could not.   That the conductor and her husband were both at hand and she did not make her difficulty known to either of them, nor did she ask for assistance, thereby showing that her injuries were due to her own voluntary act and not to the negligence of the defendant; and that she contributed to the accident to the extent of furnishing a proximate cause thereof; and that she was not cautious and prudent in proportion to her delicate condition, in either or all of which cases she was not entitled to recover.   (2) That there was no proof whatever that the distance from the car step to the ground was greater than usual, or that the arrangements for passengers to get off

the train were unsafe or unsuitable to the comfort and convenience of persons in possession of their ordinary capacities. And upon the hearing of the appeal herein the defendant will renew its motion to dismiss the complaint on said grounds.

II. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing to charge defendant's fifth request, as follows: "When the rights and obligations of one party are made to turn upon the proper caution of another, the standard by which the fact is tested is that of a prudent, reasonable person, in possession of ordinary sense and capacities. When arrangements are made suitable and proper for such persons, nothing more should be required, and one falling below this standard, either physically or mentally, should be cautious and prudent in proportion to such defects." *Renneker* v. *R. R. Co.*, 20 S. C., 222. (Confirmed in *Simms* v. *R. R. Co.*, 27 S. C., 271.)

III. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusiog to charge defendant's sixth request, as follows: "Railway companies do not insure the safety of passengers under all circumstances. This liability is conditioned on the exercise of reasonable and proper care and caution on the part of the passengers." *Ibid.*, 222.

IV. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing to charge defendant's eighth request, as follows: "When there are two ways of leaving a train, one safe and the other less safe, and a passenger leaving by the latter way, and is injured, cannot recover, because in selecting the more perilous way he was guilty of contributory negligence." *Graham* v. *Penn. R. R. Co.*, 39 Fed. Rep., 567.

V. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing to charge defendant's ninth request, as follows: "A railway company which provides proper and safe means of egress from its trains is not liable in damages to one who seeks to leave the train by

another way and is injured by falling into a cattle yard (or in any other way)." *Sturgis* v. *Detroit G. H. & M. R. R. Co.*, 40 N. W. Rep., 914.

VI. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing to charge defendant's tenth request, as follows: "Passengers are not entitled to have every precaution to insure safety, which is possible to suggest, after an accident has occurred." 2 Redf. Rail., 201.

VII. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing to charge defendant's eleventh request, as follows: "It is not negligence for a conductor to fail to assist a passenger to disembark from a car." *Simms* v. *R. R. Co.*, 27 S. C., 270.

VIII. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing to charge defendant's twelfth request, as follows: "The fact that the conductor failed to assist a passenger to disembark from the train, whom he had not been notified needed assistance, is not a fact to be submitted to the jury in considering the question of negligence." *Ibid.*, 270.

IX. That his honor, the presiding judge, erred, as it is respectfully submitted, in refusing to charge defendant's thirteenth request, as follows: "If the plaintiff on going to alight, saw that the step was too high for her to take safely, and yet she took it without asking assistance, when she could have done so, she contributed to her own injury, and cannot recover."

*Mr. Robert Aldrich*, for appellant.

*Messrs. John R. Coy* and *Croft & Chafee*, contra.

March 17, 1896. The opinion of the court was delivered by

Mr. Justice Pope. This action, alleging that while plaintiff, Emma Q. Brodie, was traveling on defendant's railroad, and by their negligence and carelessness in failing to supply a stool or other means necessary for her to alight

from a passenger coach in safety, she was compelled to jump
to the ground at an improper and unsafe point on said rail-
road, whereby she was violently jarred, and such serious
injury to her womb was thereby caused, causing serious
illness which resulted in her miscarriage, to her damage
$2,000, came on to be tried before Judge Ernest Gary and
a jury, at the April, 1895, term of the Court of Common
Pleas for Aiken County, in this State. A verdict was ren-
dered for the plaintiff. After entry of judgment thereon,
the plaintiff appealed to this court. To properly under-
stand the different questions raised in the appeal, we think
it will be necessary that the report of the case shall set out
the complaint, the requests to charge made by the defend-
ant, the charge of the judge, and the exceptions or ground
of appeal.

Error is alleged in the failure of the judge below in re-
fusing to grant defendant's motion for a nonsuit at the close
of plaintiff's testimony. The "Case" discloses the following:

The plaintiff rested.

Mr. Aldrich (defendant's attorney) moved for a nonsuit.

The Court: "The plaintiff testified that she undertook to
step down, and she found that she could not, and she had
to jump. Now what were the circumstances surrounding
that jump? If she had stood up voluntarily and jumped,
that might or might not have been contributory negligence.
But starting to get out, and finding that she could not with-
out jumping—was she so far she could not get back? That is
a question of fact. Now the only thing I can do is to put it to
the jury: if she contributed to the (injury?) she cannot re-
cover, but to say whether her act of jumping was contributory
(negligence) or not, would be passing on a question of fact.
For that reason I must refuse to grant the nonsuit." "Ex-
ception noted." The appellant, in his able argument at
bar, admits the rule to be, that if there be any evidence in
support of the allegations of the complaint, however slight,
a nonsuit should not be granted, but he contends, that
under the construction of this rule by the court in the case

of *Poole* v. *R. R.*, 23 S. C., 289, where it said: "It may be true that whenever plaintiff alleges in his complaint facts constituting a cause of action and offers testimony sufficient to go to the jury therein in the first instance, yet if he admits the defence relied on, and that defence be one which if true would, as a matter of law, defeat his action, his case becomes a case where there is a total failure of evidence—that is, a total failure of evidence as to his legal right, and subjecting him to a nonsuit." That when the defendant admitted that she jumped from the step, that thereby she established a case of contributory negligence, which was the defendant's defence to her action, and a nonsuit was proper. We think the language of the court in *Pool* v. *R. R. Co.*, *supra*, properly states the rule in such cases, but we are entirely satisfied with the view the Circuit Judge adopted in the case at bar. The mere fact that plaintiff jumped from the lowest step at the rear of the coach in which she was being transported as a passenger on the defendant railroad, was not all the testimony bearing on this matter. Besides this fact, there were others. The conductor stood on the platform, calling out, "All off for Whaley's;" the distance from the lowest step to the ground was from two and a half to three feet; the lady had gotten on the lowest step and tried to reach the ground in that way and could not; no stool was placed beside the steps to assist her; no offer from the conductor or any one was made to help her. Under such circumstances, we do not see that the Circuit Judge was to esteem such evidence, introduced as it was by the plaintiff, as establishing contributory negligence to such an extent as to support a nonsuit. This ground of appeal must be overruled.

The second and third grounds of appeal will be considered together, and they involve the refusal of the Circuit Judge to charge, in the language of each the fifth and sixth requests to charge presented by the defendant. They are as follows: "When the rights and obligations of one party are made to turn upon the

proper caution of another, the standard by which the fact is tested is that of a prudent, reasonable person, in possession of ordinary sense and capacities. When arrangements are made suitable and proper for such persons, nothing more should be required, and one falling below this standard, either physically or mentally, should be cautious and prudent in proportion to such defects." "Railway companies do not insure the safety of passengers under all circumstances. The liability is conditioned on the exercise of reasonable and proper care and caution on the part of the passengers." It is true, these requests are formulated upon the express ruling of this court in the case of *Renneker* v. *R. R. Co.*, 20 S. C., 222, and *Simms* v. *R. R. Co.*, 27 S. C., 271; but it is nowhere in the law required that the Circuit Judge shall adopt the very language of this court in the promulgation of its views of the law. Indeed, such a course might lead to disaster in the administration of justice, for there is a force and effect given to the charge of a Circuit Judge when he embodies sound principles of law in his own language, and does not simply repeat the language of another announcing the same principles of law. In the very case at bar, we find the Circuit Judge was exceedingly careful to give to the jury, for their guidance, these principles; for when he was discussing the duty of the defendant railway company to provide means and arrangements requisite for passengers to alight from their trains in safety, and where any injury resulted to a passenger from the neglect of its duty, in this regard, by the railway company, he was careful to say: "That I charge you, provided that by the use of ordinary care the plaintiff could have avoided the injury. *That is, such care as a man of ordinary prudence and·caution would have used under the surrounding circumstances*" (italics ours). As to the latter request, the Circuit Judge was careful to tell the jury: "The law requires that a passenger on a railroad train should use every reasonable care to avoid injury to himself, *and if he fails to use such care, he cannot recover*"

(italics ours). Besides all this caution, the Circuit Judge charged the jury, that the duty of ordinary care on the part of the railroad and on the part of the passenger were reciprocal. It is always well to remember, in connection with alleged errors in specific pieces of a judge's charge, that the charge must be considered as a whole, and that the judge is not required to charge in the precise language of requests to charge. The Circuit Judge ought to see that no request to charge is not responded to by him in one form or the other—that is, either in the language of the request or in his own language. This much counsel have a right to demand; beyond this we cannot go. These grounds of appeal must be dismissed.

Next we will consider the fourth ground of appeal. The request of defendant was in these words: "When there are two ways of leaving a train, one safe and the other less safe, and a passenger leaving by the latter way and is injured, cannot recover, because, in selecting the more perilous way, *he was guilty of contributory negligence*" (italics ours). If contributory negligence is a question for the jury, we do not see how the Circuit Judge had any business in determining it. Appellant is responsible for the framework of his requests, and if he puts into a request to charge a faulty proposition, it is no error in the Circuit Judge to refuse to so charge. There was no error here.

The fifth ground of appeal ascribes error to the Circuit Judge in refusing to charge its ninth request: "A railway company which provides proper and safe means of egress from its trains, is not liable in damages to one who seeks to leave a train by another way, and is injured by falling into a cattle yard (or in any other way)." What possible reference to the facts in this case, as developed by the pleadings and the testimony, such a request to charge had, the Circuit Judge could not see, nor do we. No injury resulted to plaintiff by falling into a cattle yard; it was from a jarring to the plaintiff resulting from a jump from the

steps of a passenger coach to the ground. There was no error here.

The sixth ground of appeal alleges error to the Circuit Judge in not embodying in his charge defendant's tenth request: "Passengers are not entitled to have every precaution to insure safety which is possible to suggest after an accident has occurred." We do not discover in the charge of the Circuit Judge any failure on his part to confine the attention of the jury to what was really involved in the contest between the parties. There was no suggestion of precautions that might have been taken; the jury were confined to the actual facts before it. This request embodies an abstract question of law in no way connected with the case as made; therefore, it was not error to refuse to so charge.

The seventh ground of appeal relates to the refusal of the Circuit Judge to charge defendant's eleventh request: "It is not negligence for a conductor to fail to assist a passenger to disembark from a car;" while its eighth ground of appeal relates to the refusal of the Circuit Judge to charge its twelfth request: "The fact that a conductor failed to assist a passenger to disembark from the train, whom he had not been notified needed assistance, is not a fact to be submitted to the jury, in considering the question of negligence." These requests are bottomed upon some expressions in the opinion of the court in *Simms* v. *R. R. Co.*, 27 S. C., 270. An examination of that case discloses the fact, that the Circuit Judge charged the jury that it was the duty of the conductor to assist lady passengers off the train, and when this court reached the consideration of that matter its members were unanimous that no such charge should have been made. Here is the language: "Now, it seems to us, that his honor here went beyond the rule when he charged the jury, as matter of law, that it was *the duty* of the conductor to assist passengers off. He ought to have left this to the jury. It was their province to say whether failing to assist the plaintiff, under

the circumstances surrounding her and him, the conductor failed to bestow that care which the matter reasonably demanded at his hands." The language we have quoted plainly manifests that, under the view of this court, it was not the duty of the court to charge, as matter of law, that it was the duty of the conductor to assist passengers off the train, but, on the contrary, it was entirely within the province of the jury, in considering whether a railroad has observed due care of its passengers, the conduct of the conductor, its agent, as to any aid by him to passengers disembarking, may be canvassed by the jury in reaching a conclusion. The Circuit Judge, under this rule, ought not to have indicated what he thought, as he might have done if he had adopted the language of either of those requests. These grounds of appeal must be dismissed.

The ninth ground, involving a refusal to charge the thirteenth request of defendant, must be overruled; for, if the Circuit Judge had so charged, it would have been an expression of opinion by him upon a partial view of the facts in testimony.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.