(5 App. Div. 349.)

FOX v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

1. CARRIERS OF PASSENGERS—NEGLIGENCE—INSUFFICIENT LIGHT AT STATION.
   Plaintiff, who was injured by falling at night into a space between defendants' car (from which she was alighting) and the station platform, testified that she looked when she stepped out, but that it was so dark at her feet that she could not distinguish the platform. Her sister testified that it was "pitch dark" at her feet. Defendants gave evidence that the platform was, in general, well lighted, but did not show whether in the crowd the space in question could be seen. It appeared that the place could easily have been lighted. *Held*, that a finding that defendants were negligent in not lighting such place would not be disturbed.

2. SAME—DUTY OF CARRIER.
   The principle that a carrier of passengers is not bound to render accidents absolutely impossible, or to take every step that human ingenuity and foresight might devise, does not apply where a passenger was injured at night by stepping from a car into an open space between the car and station platform, and it appeared that the carrier's attention had been directed to the danger.

3. SAME—CONTRIBUTORY NEGLIGENCE.
   It is a question for the jury whether plaintiff in such case was guilty of contributory negligence, where there is evidence that she tried to ascertain where she was stepping, but was prevented by the absence of light.

Appeal from circuit court, New York county.

Action by Maggie Fox against the mayor, aldermen, and commonalty of the city of New York, and the city of Brooklyn, for personal injuries caused by stepping into an open space between defendants' car and the station platform. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendants appeal. Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Theodore Connoly and Terence Farley, for appellant mayor, etc., of city of New York.

Frank S. Angell, for appellant city of Brooklyn.

George W. Roderick, for respondent.

BARRETT, J. The plaintiff was injured some time in the early part of the evening of January 24, 1890, while alighting from a train

at the Brooklyn platform of the New York and Brooklyn Bridge. She was on the rear end of the last car, and, while attempting to step from the car to the platform, fell between the two, and sustained serious injuries. The case was before the late general term of this department on a former appeal (Fox v. City of New York, 70 Hun, 181, 24 N. Y. Supp. 43), when a judgment for the plaintiff was reversed; the court holding that, in view of the special circumstances there disclosed, the mere existence of the opening between the platform and the car was not of itself negligence. Those special circumstances were that the platform in question and the cars had been in constant use in the same position, for many years, by thousands of passengers, who had passed over the intervening space without accident. Upon the present trial, the learned trial judge, in view of this decision, withdrew from the jury the question whether there was negligence in permitting the space to exist. It is immaterial whether, upon the facts disclosed upon the present trial, the prior decision concluded the plaintiff. Having again succeeded, she can base her verdict only upon the ground upon which the case was submitted to the jury. Marks v. Railway Co., 146 N. Y. 181, 40 N. E. 782. That ground was the alleged insufficiency of light afforded by the defendants, and that ground alone can now be considered.

The plaintiff testified that she looked carefully when she stepped out, but that it was so dark at her feet that she could not distinguish the station platform; that she thought she was stepping on the platform, but did not; that one foot slipped down, throwing her back against the car; that she passed out with a crowd of others, and, though she was not pushed into the hole against her will, she was still obliged to move along with the rest. Her sister had passed out just ahead of her, and testified that it was "pitch dark" at her feet; that she could not make out the platform; that she took the step she usually took, and nearly fell; that she turned to warn the plaintiff, but was too late. The defendants gave evidence tending to show that the platform was, in general, well lighted, but did not address themselves to the direct point whether at night, and in a crowd, passengers could see where they were stepping at the space in question. The contrary fairly appears. It is not open to doubt that this could have been remedied simply and cheaply by placing a lamp or lantern in the vicinity of the space, either above, below, or around it. We are of opinion that the jury were at liberty to find the defendants negligent in not adopting some such course. During the winter months, the larger part of the residents of Brooklyn who work in New York return to their homes after dark. Cars are run closely, and emptied quickly. One moving out with the crowd is obliged to some extent to keep step with it. The distance from the rear end of a car to the curved platform is, as the preponderance of evidence shows, greater than the length of an average step. It is considerably greater than the short step which one passing out with others is forced to take. Under these conditions, perfectly known to the defendants from long experience, it seems a very obvi-

ous precaution to light up clearly and distinctly the space between the car and the platform, in order that passengers may know exactly what extra care is required of them.   The station lights were certainly inadequate in this case.   They were inadequate from the very nature of the case, on account of the sharp shadows thrown by the passengers in front.   Under such circumstances, and with so simple a remedy at hand, we certainly do not deem it our duty to overrule the judgment of the jury that the defendants were negligent in not adopting it, or in not otherwise providing adequate light.

The defendants claim that this case comes within the principle that a carrier of passengers is not bound to render accidents absolutely impossible, or to take every step towards that end which human ingenuity and foresight might devise.   The more important authorities which bear upon this principle, as applied to the special features of the case at bar, are Lafflin v. Railroad Co., 106 N. Y. 136, 12 N. E. 599; Boyce v. Railway Co., 118 N. Y. 314, 23 N. E. 304; and Ryan v. Railway Co., 121 N. Y. 126, 23 N. E. 1131. In the Lafflin Case the plaintiff was injured while stepping from a car to the station platform, a distance of two feet six inches. She did not take hold of the railing on either side of the car, or look at the platform, and it was held that she could not recover. This case bears a rather strong resemblance to the present case, as it appeared on the former appeal.   The evidence showed, as Earl, J., said, that the platform had been used for many years by men, women, and children, and that no one but the plaintiff had ever been injured, or had suffered any inconvenience on account of the distance of the platform from the cars.   The question of light was considered only with reference to the greater care required of the plaintiff because of the obscurity.   Upon the question of the defendants' negligence it was not specially considered. The Boyce Case is more closely applicable to the present.   Indeed, it seems to be entirely parallel.   The plaintiff there was injured almost precisely as was the plaintiff here.   It was held that the questions of the defendant's negligence and the plaintiff's contributory negligence were properly submitted to the jury; that the open space in question should have been well lighted, so that it could easily have been seen, and the danger avoided; that the plaintiff, being ignorant of any circumstance requiring the use of special care, was relieved from showing that she exercised it; that, under the circumstances which she had a right to assume existed, she was under no obligation, as matter of law, to look before she put her foot down; and that it was for the jury to decide whether she should have been more vigilant, and whether, had she looked, she could have seen the open space.   The doctrine here enunciated as to light was referred to with approval in the Ryan Case. "If the necessary opening," said Finch, J., "is so wide at a given station as to exceed the ordinary and natural step of a passenger, it may become a source of danger, and require further precaution on the part of the company.   The locality should be well lighted, so that the passenger can see what the opening is; and it was

that omission which was a determining element in the Boyce Case." These cases seem to dispose of the defendants' attempted application of the principle that carriers of passengers are not guarantors of the safety of the passengers. There is an additional circumstance, too, present in the case at bar, the absence of which was noted in those above cited. It appeared that there had been, to the knowledge of the bridge officials, several instances where passengers had slipped at the point in question. The defendants' attention was thus directed to the spot, and to their duty, at least, to keep it at all times clearly lighted. The evidence on this latter head was not incompetent or improper to be considered, on the ground that it tended only to show negligence in allowing the space to exist. Well lighted, the space might be a justifiable incident of construction; unlighted, or but dimly lighted, a dangerous trap. The question whether there was sufficient light cannot be dissociated with the condition of the space, nor from the defendants' knowledge that it was a source of danger. The condition of the space, and what to the carrier's knowledge has resulted therefrom in the past, are, in every case, factors to be considered. The mere existence of the space may not alone furnish sufficient ground on which to predicate negligence; but it is material and (in connection with accidents resulting therefrom) important in determining whether there was adequate light.

The question whether the plaintiff was guilty of contributory negligence was clearly for the jury. Her story of the accident is not substantially disputed. The conductor, it is true, said that she was looking back, and talking, when she came out of the body of the car; but he does not state that she was looking back when she came to step off. He said at first that she was with a number of people, but was afterwards not sure that there was more than one. There is nothing to show that plaintiff was with any one but her sister, and the latter was in front of her. The case thus differs from Fogassi v. Railroad Co., 13 Misc. Rep. 102, 34 N. Y. Supp. 116, in which the plaintiff did not look where she was stepping. It is also different from Hanrahan v. Railway Co., 53 Hun, 420, 6 N. Y. Supp. 395, affirmed, without opinion, in 130 N. Y. 658, 29 N. E. 1033. There the space between the car and the platform was covered at the time by the dress of a passenger who preceded the plaintiff, and she put her foot down without any means of telling where she was stepping. In the case at bar the plaintiff did her best to ascertain where she was stepping, and was prevented by the defendants' failure to supply sufficient light. Any argument that she knew from long experience the exact length of the step fails, for the reason that it is uncontradicted that she had never passed out by this rear platform before. Under all the circumstances, the jury had the right to say that she acted with reasonable care and prudence.

The exceptions to rulings on questions of evidence do not require a reversal. Evidence was allowed showing a device in use on the elevated roads to obviate the danger sometimes resulting

from the space between the car and the platform. No objection was taken on the ground that this tended to show negligence with regard to the mere existence of the space. But, even if this ground had been specified, we think the charge limiting the jury to the consideration of the sufficiency of the light cured any possible error on that head.

General objections were taken to the evidence of prior accidents at the point in question, and these exceptions have been fully discussed by counsel. The objections, however, were not sufficiently specific to raise any of the questions thus discussed; nor, even were the objections more specific, do we think that the evidence was improperly admitted.

The judgment and order should be affirmed, with costs. All concur.