In an action by a passenger on a motor bus against the owner of the bus and its operator, the owner and operator appeal from a judgment in favor of the passenger entered after trial by the court without a jury. The passenger was alleged to have been injured when she was caused to fall to the ground while alighting from the bus. Judgment affirmed, with costs. The presence of a parked ear in the bus stop did not relieve appellants of their duty to provide respondent with a safe place to alight (Frazier v. Westchester St. Transp. Co., 272 App. Div. 819, affd. 297 N. Y. 620). The record amply justifies the finding that the appellants did not fully discharge this duty. There was no negligence on the part of the respondent in alighting at the place selected by the appellants (Truesdell v. Erie R. R. Co., 114 App. Div. 34; Schwartz v. Brooklyn & Queens Tr. Corp., 264 App. Div. 905). Beldoek, Murphy and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Ughetta, J, dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: There is no proof of actionable negligence. Respondent, who unfortunately was lame, had to wear a brace on one leg and had to use a cane. While alighting from the bus and before her left foot had reached the pavement, she fell forward and was injured. The decision of the trial court indicates that the bus driver should have left his seat to assist the respondent in alighting from the bus. We think that in a metropolitan area this an unrequired duty and certainly beyond the reasonable care required.