**Irving COHEN, d/b/a Pralcoa, Plaintiff-Appellant,**

v.

**KALWALL CORPORATION, Defendant-Appellee.**

No. 340, Docket 25026.

United States Court of Appeals Second Circuit.

Argued May 1, 1958.

Decided May 12, 1958.

Samuel Feldman, New York City, for plaintiff-appellant.

Asher Lans, of Finley & Lans, New York City (Stanley N. Queler, of Finley & Lans, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.

PER CURIAM.

Plaintiff instituted an action in the Supreme Court of New York, apparently for commissions on a sale of defendant's product, by service of a summons upon defendant's treasurer temporarily in New York City. As permitted by state practice, the complaint was not attached. Defendant removed the case to the court below and then secured an order of dismissal for lack of personal jurisdiction.

It may be, as plaintiff suggests, that jurisdiction over non-residents is being extended, see Wham, An Expanding Concept: Jurisdiction over Non-Residents, 44 A.B.A.J. 422 (1958); but we know of no case going as far as plaintiff asks under the law of New York which controls in this removed action. Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33. Thus for a corporation to be found "present" in New York, there must be local corporate activities which the court regards "as more than casual or occasional, and so systematic and regular as to manifest 'Continuity of action from a permanent locale' "; and while solicitation of business is to be considered, there must be "solicitation * * * *plus some additional activities*." (Italics in original.) Elish v. St. Louis Southwestern Ry. Co., 305 N.Y. 267, 269, 112 N.E. 2d 842, 843; and see Rondinelli v. Chicago, R. I. & P. Ry., 5 A.D.2d 842, 170 N.Y.S.2d 947. The courts there were dealing thus gingerly with foreign railroads which maintained local offices for the regular and continuous solicitation of business. None of those features are here present.

Defendant is a New Hampshire corporation, manufacturing and distributing fiber glass panels, with a single office and place of business in Manchester, New Hampshire. While plaintiff claims an agency relation as "distributor" for it, he, like retailers in general, buys the product and resells it, the defendant suggesting, but not enforcing, a resale price. Defendant's officers asserted under oath that they have never solicited or entered into a contract of sale in New York, and that their standard form of sale always requires final approval in Manchester, whence the goods are shipped F. O. B. While plaintiff attempts to assert that a few contracts were made in New York, it is apparent from these terms that this is a mistake of law. Additionally defendant's general manager made several trips to New York to talk to architects; but since no sales were solicited or made at the time, there is no reason to question the manager's sworn statement that his purpose was educational, rather than the direct and immediate solicitation of business. Plaintiff of course has complete remedies available in the New Hampshire courts, state or federal.

Affirmed.