ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v.
MRS. M. J. McCULLOUGH.

Delivered March 5, 1898.

**1. Railway Company—Degree of Care as to Passengers.**

A carrier of passengers is not an insurer of their safety, but is bound to use such a high degree of care in protecting them from danger as would be used by very prudent and competent persons under similar circumstances.

**2. Same—Evidence of Custom.**

The testimony of witnesses as to the custom of defendant's conductors with reference to assisting ladies traveling on their trains is inadmissible for the purpose of charging the company with negligence because of a conductor's failure to assist a lady passenger, where there is no evidence bringing knowledge of such custom to the company, or showing that it was so well known that it may reasonably be presumed to have been a part of the contract of carriage.

**3.  Same—Duty of Passenger—Changing Cars.**

A passenger who learns that she must change cars before arriving at her destination must find out where she is to make the change, and if she fails to do so, and by reason of her failure she is carried over the wrong line, she can not recover from the company unless she was misled by its servants.

**4.  Same—Conductor's Promise to Give Notice.**

A conductor's promise to give a passenger special notice when the junction at which she was to change cars is reached, in addition to the general announcement of the station, is not binding upon the company, because not within the scope of his authority.

**5.  Same—Changing Cars.**

A charge that a railroad company may so arrange the running of its trains that passengers, or some of them, can go through direct to a station without change of cars, while on others it would be necessary that they shall change cars at a junction, should be given, where requested in an action for carrying a passenger past the junction, where the court has permitted plaintiff to testify that she had on former trips gone directly to her destination without change.

Appeal from Upshur.   Tried below before Hon. J. Gordon Russell.

*Sam H. West, Marsh & McIlwaine,* and *J. W. Fitzgerald,* for appellant.

*Kearby & Greer,* for appellee.

Rainey, Associate Justice.—This suit was brought by appellee to recover damages of appellant, alleged to have been sustained by her as a passenger on appellant's road by being carried by a station where she was to change cars in order to reach her destination.   Judgment was rendered below against appellant, from which this appeal is prosecuted.

This is the second appeal of this case; the result of the first appeal is reported in 33 Southwestern Reporter, 285, where a full statement of the case will be found.

The evidence shows that plaintiff was a passenger on defendant's train, her destination being Big Sandy, a station on said road; but in order to reach same it was necessary to change cars at Mt. Pleasant.   The issue of negligence on the part of defendant railway company rests mainly upon the fact, whether or not defendant's train was stopped long enough at Mt. Pleasant for plaintiff to have alighted in safety; and whether or not the usual and customary notice of the arrival of the train at said station was given by defendant's servants.

The first assignment of error presented is, in effect, that the evidence does not support the verdict and judgment.

As there are some errors of law presented which will require a reversal of the judgment, we deem it improper to discuss the evidence; therefore, will not pass upon this assignment.

In charging upon the duty of the defendant in transporting passengers, the court charged the jury that it was the "duty of the defendant company to safely transport the plaintiff to said Big Sandy station.   And in this duty of safe transportation was included the duty of calling and announcing the station in the car in which plaintiff was traveling, at

which it became necessary for plaintiff to change cars in order to reach her destination, and of stopping its train at said station a reasonably sufficient length of time to enable plaintiff to safely alight therefrom."

In this connection the defendant requested the following charge, to wit: "Gentlemen of the jury, you are charged that while it is the duty of the railroad company to use the highest degree of care and caution to provide for the safe and comfortable transportation and delivery of their passengers, yet they do not by undertaking to carry a passenger insure his safe debarkation at his point of destination or place where they are required to change cars."

In no part of the court's charge was there any other instruction as to the degree of care required of defendant in carrying passengers. The effect of the charge given was to make defendant an insurer of the safety of plaintiff during transportation. Such is not the law. The defendant was not an insurer under the law, but was required to use such a high degree of care in protecting its passengers from danger as would be used by very prudent and competent persons under similar circumstances.

The correct rule laid down in Railway v. Halloman, 53 Texas, 53, and approved in Railway v. Welch, 86 Texas, 203, is as follows: "Railroad companies, however, are not insurers of the safety of their passengers further than could be required by the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances." See the authorities cited in the Welch case, supra; also Railway v. Wortham, 73 Texas, 25; Railway v. Underwood, 64 Texas, 463; Railway v. Williams, 82 Texas, 342; Railway v. Strickland, 27 S. W. Rep., 1093; Receivers v. Withers, 1 Texas Civ. App., 540; Receivers v. Chancey, 2 Texas Civ. App., 24; Railway v. Woods, 40 S. W. Rep., 846.

It was not necessary in this case for the court to have instructed the jury upon the measure of care devolving upon the defendant, further than to inform them as to the duty of stopping the train at the station a reasonable time for passengers to alight and giving the usual and customary notice of its arrival. If a charge on this point had been necessary it should have embodied the rule as above indicated.

Appellant complains of the action of the court in admitting the testimony of certain witnesses, as indicated below:

"The witnesses J. C. McCullough, R. W. Simpson, F. J. McCord, and B. Ralston having testified that they had traveled a good deal on appellant's road prior to the 13th day of June, 1893, and that they had observed the manner of appellant's conductors and brakemen in the matter of their conduct toward lady passengers with baggage and children getting off appellant's trains. Plaintiff's attorney asked each of said witnesses this question: 'What was your observance as to their (conductors') custom with reference to assisting ladies traveling on their trains with baggage and incumbered as this lady was with basket, valise, and children?' Defendant's attorney objected to the testimony sought to be

elicited from each witness, because (1) it was irrelevant and immaterial; (2) it called for the opinion of the witness in respect to the treatment of lady passengers similarly situated; (3) it had not been shown that the witnesses were sufficiently acquainted with the duties and acts of defendant's conductors and brakemen to justify them to testify as to the usage and custom of said employes; (4) there was no evidence to show that defendant would be or was bound by such custom, if any, existing among its conductors and brakemen. The court having overruled the objection, permitted each of said witnesses to testify substantially as follows: 'I have traveled a good deal on the defendant's road prior to June, 1893, and have seen the conductors go into the cars and get baggage for ladies, and I have seen porters do it, and not only that, but help them off. I have observed that conductors and porters help ladies on and off the trains with their baggage.' "

We think the court erred in admitting the testimony. There was no evidence that the plaintiff contracted for passage over defendant's road with reference to such a custom. Ordinarily, the duty of a carrier is performed when the train is stopped at a station a sufficient length of time to permit a passenger to alight therefrom, after giving sufficient notice of the arrival of the train at such station. Hutch. on Carr., sec. 613.

In order to impose a greater burden upon the carrier, the circumstances must be such as by their very nature would require something else to be done; or in the absence of circumstances requiring it, the plaintiff must show such a custom among defendant's servants as would bind the carrier. "In order to amount to a binding usage of a trade or business, it must be shown to be so well established, so general, so uniform and notorious, that it may reasonably be presumed that the parties knew and contracted in reference to it. It must be shown that it is established and not merely casual, uniform and not varying, general and not personal; or that it was known to the parties when the contract was entered into. It is sufficient if it be shown to be so well known and acquiesced in that it may reasonably be presumed to have been an ingredient imported into the contract by the parties; and this is the case only when the usage is certain, reasonable, and universally acquiesced in, so that every one engaged in the trade knows, or might have known, of it, if he had taken the trouble to inquire." Bradner on Ev., 166.

The testimony of the witnesses was not sufficient to establish such a custom as was binding on defendant. It does not show that plaintiff relied on such a custom, nor does it show that it was "so well known and acquiesced in that it may reasonably be presumed to have been an ingredient imported into the contract by the parties." Neither of the witnesses testified that such a custom as plaintiff sought to prove existed; but merely gave their observations. While a custom may be established by showing the mode of conducting a certain character of business for a length of time sufficient to establish it, yet in this case

the evidence fell far short. As it was objected to, and its admission was calculated to be injurious, it should have been excluded.

The following charge was requested by appellant, and refused by the court: "Gentlemen of the jury, you are charged that if you believe from the evidence that plaintiff, Mrs. M. J. McCullough, learned between the stations of Texarkana and Mt. Pleasant that she must change cars before she arrived at Big Sandy, then you are charged that it was her duty to find out where she should make such change, and if she failed to inform herself as to where she should change cars, and by reason of such failure on her part to find out where she would change cars she was carried over the wrong line, then plaintiff can not recover, and you will return a verdict for defendant."

The court charged the jury, in effect, that it was plaintiff's duty to inform herself as to the route she was to travel and the station at which she was to make a change, but in this connection he informed the jury that the measure of her duty in this respect was the use of ordinary care. We are of the opinion that the charge requested was the proper one to have been given. This action is based on negligence of the defendant in failing to stop its train and give notice thereof so plaintiff could alight therefrom. If this was done, defendant would not be liable, unless a custom had been established requiring greater diligence in helping plaintiff off the train, and it was immaterial what care plaintiff exercised in informing herself as to the place of changing cars. It was her duty to so inform herself, and if she did not do so and was not misled by defendant's agents or servants, and if by reason of this she was carried beyond her station, she can not recover.

The plaintiff was not authorized to rely on the conductor's promise to inform her when Mt. Pleasant was reached, if he did so, further than the usual and customary way of announcing the arrival of trains at stations. The promise of the conductor to give her special notice would not bind the defendant, because such an act would not be within the scope of his authority. The following authorities fully discuss the carrier's duty under the circumstances of this case: Railway v. Kendrick, 32 S. W. Rep., 42; Railway v. James, 82 Texas, 306; Railway v. Perry, 8 Texas Civ. App., 80; Railway v. McCullough, 33 S. W. Rep., 285.

We think the court also erred in refusing the following special charge, requested by appellant, to wit: "Gentlemen of the jury, you are charged that defendant had the right to so arrange the running of its trains that passengers destined as was plaintiff could on some of them go through direct to Big Sandy without change of cars, while upon others it would be necessary that such passengers destined to Big Sandy should change cars at Mt. Pleasant and there await the departure of another or other trains for Big Sandy."

The court had permitted plaintiff to testify that she had on former trips gone direct to her destination without change of cars, from which the jury may have inferred that plaintiff contracted for transportation with a view of going through without change, and that it was defendant's

duty to so transfer her. The special charge would have informed the jury of defendant's right under the law in this particular, and should have been given.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*