## Missouri, Kansas & Texas Railway Company v. Mary E. Sherrill.

### Decided January 31, 1903.

**1.—Negligence—Carrier of Passengers—Charge.**

A charge that "it is the duty of a railway company to provide a stool or some other means to enable a passenger to step from the lower step of its car to the ground, when it is necessary for them to do so for the safety of the passenger," is not on the weight of evidence in assuming that the failure to provide a stool would constitute negligence, where, in the charge applying the law to the facts, the question as to whether the failure to provide such means amounted to negligence on the occasion of the accident was pointedly left to the decision of the jury.

**2.—Same—Charge Giving Undue Prominence.**

The charge was not objectionable as giving undue prominence to the matter of negligence in failing to provide a stool where such matter was mentioned only once in presenting plaintiff's theory of the case and once in that of the defendant.

**3.—Same—Charge on Weight of Evidence.**

The court did not err in refusing a charge that, "it is not negligence in itself for a railway company to fail to provide a stool for passengers to get on and off its trains," as this would have been an invasion of the province of the jury in determining what is or is not negligence.

Appeal from the District Court of Rockwall. Tried below before Hon. J. E. Dillard.

*T. S. Miller* and *W. C. Jones,* for appellant.

*W. H. Allen,* for appellee.

TEMPLETON, Associate Justice.—This suit was brought by Mrs. Mary E. Sherrill against the Missouri, Kansas & Texas Railway Company of Texas to recover damages on account of personal injuries received while in the act of alighting from one of the company's passenger trains. On a jury trial she obtained judgment for $5000, and this appeal is prosecuted from such judgment.

It was shown on the trial that appellee was a passenger on one of appellant's trains, en route from Dallas to Royce; that the train reached Royce in the nighttime; that there was no depot building at Royce and no landing place provided for passengers, the depot building having been

theretofore destroyed by fire; that when the train stopped at the station, appellee went out of the car in which she was riding and down the steps of the car; that with the assistance of one of the trainmen she attempted to alight and fell and was injured; that it was about twenty-two inches from the bottom step of the car to the ground; that no stool was provided for passengers to step off upon; that there were no lights about the landing place except the lantern of the trainman which imperfectly lighted up the premises.

Complaint is made of a clause in the charge of the court which reads thus: "And it is the further duty of the railway company to provide a stool or some other means to enable a passenger to step from the lower step of its car to the ground, when it is necessary for them to do so for the safety of the passenger.'" Complaint is also made of the paragraph of the charge wherein the rule just stated is applied to the facts, and the jury instructed that "if the defendant company was guilty of negligence in failing (if it did) to provide a stool or some other means to enable plaintiff to alight in safety from its car, and if they further find and believe that such negligence on the part of the defendant company (if it was negligent in any of these respects), was the proximate cause of plaintiff's injuries (if she was injured)   *   *   *   then it would be the duty of the jury to find for the plaintiff."

It is urged against these charges that the same are upon the weight of the evidence, in that it is assumed therein that the failure to provide a stool would constitute negligence. The language of the charges refutes the criticism. By the preliminary charge it is made the duty of the company to provide a stool or some other means of assisting the descent of passengers only when it is necessary to do so in order to secure the safety of the passengers. In the charge applying the law to the facts, the question as to whether the failure to provide such means amounted to negligence on the occasion of the accident was pointedly left to the decision of the jury. It is further objected that the charge lays too much stress upon the issue, and presents the same so prominently as to indicate an opinion of the court thereon adverse to appellant. Save in the connection above set out, we find in the charge only one reference to the issue, and that in the paragraph wherein the defendant's side of the question was submitted to the jury. The matter does not appear to have been mentioned in the charge more frequently than necessary, and certainly was not presented in such manner as was calculated to unduly impress the jury with the importance of the issue.

Appellant complains of the action of the court in refusing to give a special charge which reads as follows: "It is not negligence in itself for a railway company to fail to provide a stool for passengers to get on and off its trains." It is too clear for controversy, that the question is one of fact which must be left to the determination of the jury. The requested charge was an invasion of the province of the jury, and was properly refused.

It is insisted that the verdict is not sustained by the evidence, and that

it is excessive in amount. That the plaintiff was injured as alleged is abundantly established by affirmative testimony. That her injuries were of a serious and permanent character is shown by direct and positive evidence. If the witnesses for the plaintiff are worthy of belief, her case has been fully made out. The question of their credibility has been settled by the jury and the finding against defendant is conclusive.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.