# Mobile Light & R. R. Co., *v.* Walsh, P.

*Action for Damages for Injuries to Wife.*

(Decided April 3, 1906.    40 So. Rep. 559.)

1. *Carriers; Injury to Passenger; Alighting from Car; Jury Question.*—Plaintiff's wife having indicated where she desired to alight, and the car having been run pass such point before it was stopped, and the evidence being in dispute as to whether the request to back to the place designated was made, it was a question to be determined by the jury whether the stopping of the car was an invitation, expressed or implied, to plaintiff's wife to alight at the point where the car was stopped.

2. *Same; Place for Alighting; Duty of Carrier.*—The duty being upon the carrier to know that the place at which its cars stop to allow passengers to alight, is a reasonably safe place,

the passenger has a right to assume that it is a reasonable
safe place to alight, unless it is obviously dangerous.

3. *Same; Injury to Passengers; Contributory Negligence.*—Whether
   plaintiff's wife, in getting off at the place and in the manner
   in which she did, under the evidence, which is in dispute,
   failed to exercise ordinary care and prudence, was a question
   properly submitted to the jury for their determination.

APPEAL from Mobile Circuit Court.

Heard before HON. W. S. ANDERSON.

This was an action for damages resulting from injury
received by plaintiff's wife as a passenger on defend-
ant's cars in attempting to alight therefrom. The dam-
ages claimed are for loss of companionship, medical at-
tention, and mental anguish. The pleas were the gen-
eral issue and pleas of contributory negligence of plain-
tiff's wife, Katherine Walsh, in the way and manner in
which she alighted from the car when she received said
injuries. The testimony tended to show that plaintiff's
wife was a passenger on defendant's car and asked to be
put off at Lafayette street; that the car was run past this
point some 50 or 100 feet and stopped, when plaintiff's
wife attempted to get off, and in doing so fell and frac-
tured her leg. There was conflict in the evidence as to
the condition of the ground at that point, and as to
whether plaintiff's wife asked the motorman to back up
to the crossing, and as to whether the side of the car op-
posite that on which she alighted was as safe a place to
alight, as she was invited to alight on the safe side by
the conductor, and refused to do so. The evidence tend-
ed to show that the plaintiff had expended about $1,000
for medical services to his wife, and with the expectation
of expending more in the future for the same cause. At
the conclusion of the testimony the defendant requested
the court to give the general affirmative charge for the
defendant, which was refused. There was judgment for
plaintiff for $251.

GREGORY L. and H. T. SMITH, for appellant.—When a
person sees the danger and knows the surrounding cir-·

cumstances, but resolves to take the chances and does so and is injured, such person cannot recover.—*L. & N. R. R. Co. v. Richards,* 100 Ala. 366; *Tuscaloosa W. W. Co. v. Herren,* 131 Ala. 84; *E. T. & V. R. R. Co. v. Holmes,* 97 Ala. 336. The defendant was not guilty of negligence which was the proximate cause of the injury.—Pollock on Torts, 539; *White v. R. R. Co.,* 43 N. E. 298; *Southworth v. Shea,* 131 Ala. 420.

R. H. and N. R. CLARKE and L. M. BROWN, for appellee.—The question as to what constitutes an invitation to alight is always one for the jury.—Wood's Browne on Carriers, p. 507. The testimony made out a case of an invitation to alight and it was a question for the jury to determine whether there was an offer to carry the car back.—*Watkins v. B. R. & E. Co.,* 120 Ala. 147; *B. R. & E. Co. v. Jones,* 121 Ala. 120; *Armstrong v. M. S. Ry. Co.,* 123 Ala. 233. Mrs. Walsh was chargeable equally with the appellant with notice of the dangerous character of the place.—*M. S. Ry. Co. v. Mason,* 133 Ala. 508; 3 Thomp. on Neg. § 3589. Whether Mrs. Walsh was guilty of contributory negligence was for the jury.—*A. G. S. R. Co. v. Arnold,* 84 Ala. 159; *Cen. R. & B. Co. v. Miles,* 88 Ala. 251; *Elyton Land Co. v. Mingea,* 89 Ala. 521; *West v. Thomas,* 97 Ala. 622; *Watkins v. Birm. R. & E. Co.* 120 Ala. 147; *Birm. R. & E. Co. v. Jones,* 121 Ala. 120; *Armstrong v. Mont. St. R. R. Co.,* 123 Ala. 233.

TYSON, J.—The plaintiff's wife, who was a passenger upon one of the defendant's street cars, was injured while alighting from the car, which was stationary at the time. The car was propelled beyond the usual place of stopping, after notice by plaintiff's wife had been given to the conductor of the point at which she wished to get off, and was stopped at a place where there was a depression in the street which made the step from the car quite high. In alighting the wife's leg was broken. When the

[Mobile Light & R. R. Co. v. Walsh, P.]

car came to a stop, the testimony on behalf of the plaintiff tended to show that the wife called the motorman's attention to the place, and said to him, "You ought to back to the crossing," to which he repiel, "Madam, tell your troubles to the conductor," who was at that time standing upon the rear platform of the car, which was an open one, and, it may be inferred, heard the conversation, but made no effort to return to the crossing, the regular stopping place. It is also fairly inferable from the testimony on behalf of plaintiff that he saw that plaintiff's wife and daughter were going to get off, and yet, according to it, he did nothing to indicate that he did not expect them to do so at that place. It is true he testified that he did not hear the conversation between the wife and the motorman, and that he requested plaintiff's wife and daughter to keep their seats in order that he might back the car to the crossing. He also testified that he offered to assist them in getting off. This, however, was contradicted by the testimony of the plaintiff's witnesses, as well as other statements made by him above referred to.

Upon this testimony it is clear that it cannot be affirmed as matter of law that an invitation, either express or implied, was not extended to Mrs. Walsh, plaintiff's wife ,to alight at the place where the injury occurred. On the contrary, it was clearly open to the jury to find that there was an implied invitation to her to alight, and an implied representation that it was a proper place for that purpose.—Nellis on St. R. R. Accident Law, p. 117. Undoubtedly it was the duty of defendant's servants to know that the place was a reasonably safe one, and Mrs. Walsh had the right to assume that such was the condition, unless it was obviously dangerous. Her relation to the defendant as a passenger had not terminated at the time of her injury, and it would seem that, in view of this relation and the duty which the law imposes upon defendant to safely carry and discharge its passengers, proof of injury to her while alighting, un-

der the circumstances shown, would raise a presumption of negligence, which defendant must overcome or rebut by evidence showing that the place was a proper one; that the rule *"res ipsa loquitur"* applies.—*L. & N. R. R. Co. v. Jones,* 83 Ala. 376, 3 South. 902; *G. P. Ry. Co. v. Love,* 91 Ala. 432, 8 South. 714, 24 Am. St. Rep. 927; *Ensley Ry. Co. v. Chewning,* 93 Ala. 24, 9 South. 458; 5 Am. & Eng. Law (2 Ed.) 622, 628.

Be that as it may, there was evidence before the jury from which they had the right to infer that the place was not a safe one, and that defendant's servants in charge of the car did know, or could have known by the exercise of that degree of diligence and care which the law requires of them, of the condition of the place.— *Montgomery St. Ry. v. Mason,* 133 Ala. 527, 32 South. 261. It therefore cannot be affirmed as a matter of law that the defendant's servants, for whose acts it is clearly responsible, were not negligent in inviting Mrs. Walsh to alight at the place when she did, and that their invitation to her was not the proximate cause of her injury. Neither can it be affirmed as a matter of law that she was guilty of contributory negligence in getting off the car. That was a question, also, for the determination of the jury. She was under no duty to make an examination of the place for the purpose of ascertaining whether or not it was safe, but had the right, as we have said, to rely upon the implied representation growing out of the conduct of defendant's servants on that occasion, and to assume it was, unless it was obviously dangerous, which cannot be affirmed. In other words, whether she, in getting off at the place in the manner in which she did, under the circumstances shown by the testimony, failed to exercise ordinary care and prudence, was for the jury. —*Bass v. Concord St. Ry.,* 70 N. H. 170, 46 Atl. 1056; *West Chicago St. Ry. v. Buckley,* 102 Ill. App. 314, affirmed 200 Ill. 260, 65 N. E. 708; Nellis on Railroad Ac-

cident Law, p. 116, and cases cited in note 74; also page 210.

The affirmative charge requested by defendant was properly refused.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.