NORTHERN TEXAS TRACTION COMPANY v. E. A. DANFORTH.

Decided January 23, 1909.

**1.—Local or Special Laws—Jury—Constitutional Law.**

The statute providing for a certain jury system for all counties having a city with a population of twenty thousand or more as shown by the United States census of the year 1900, is not a local or special law within the meaning of the provision of the Constitution denying to the Legislature the power to pass any local or special law authorizing the summoning or empaneling grand and petit juries and is not repugnant thereto. Constitution art. 3, sec. 56; Gen. Laws 1907, p. 269.

**2.—Cases Followed.**

Smith v. State, 54 Texas Crim. Rep., 298; Clark v. Finley, 93 Texas, 171.

**3.—Negligence—Carrier of Passengers—Degree of Care—Assistance to Passengers.**

The degree of care required of a carrier of passengers is the highest known to the law; and a charge which imposed upon the carrier that degree of care and defined it as such as very prudent, careful, competent persons would exercise under similar circumstances, and instructing that it was the duty of the conductor of a car to be prudent, skillful and cautious to see that his passengers are not injured while alighting from his car, did not impose too great a burden and was not misleading.

**4.—Charge.**

Where error is assigned upon a particular section or paragraph of a charge the same will be considered in connection with the entire charge.

**5.—Same—Weight of Evidence—Negligence.**

Where the charge properly defined the degree of care required of a carrier of passengers and in applying the law to the facts left it to the jury to determine whether or not the carrier was negligent in regard to the condition of the steps of the car, an instruction that "it is the duty of a railway' company, by which is meant the defendant company herein, to exercise the greatest degree of care, as defined above, to select for its use cars with steps so constructed as not to expose to danger persons alighting therefrom, but to maintain and keep all steps in such condition while using the car," was not upon the weight of evidence.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*W. H. Walne* and *Finley, Knight & Harris,* for appellant.

*William H. Clark,* for appellee.

RAINEY, CHIEF JUSTICE.—E. A. Danforth, appellee, instituted this suit in the District Court of Dallas County to recover of appellant damages for personal injuries to his wife sustained by her while attempting to alight from one of appellant's cars in the city of Ft. Worth. Appellant answered by general exception, general denial and plea of contributory negligence. A trial resulted in a verdict and judgment for appellee, and the Traction Company appeals.

The appellant duly presented to the trial court a motion to quash the jury panel as being unconstitutional, the jury having been drawn under the Act of the Thirtieth Legislature, chapter 139, page 269. The contention, in effect, is that said Act is a special law in that it provides for a certain jury system for all counties having a city containing a population of 20,000 or more inhabitants as shown by the United States census of the year 1900, and thereby excludes from the operation of such system all counties in the State that may hereafter have cities of increased population of 20,000, therefore said Act is in violation of section 56, article 3 of the Constitution. Said section of the Constitution provides: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing, . . . summoning or empaneling grand or petit juries. . . ." The question then is, Is the said Act of the Legislature such a local or special law as is inhibited by the Constitution of this State? In the case of Clark v. Finley, 93 Texas, 171, our Supreme Court, in an opinion rendered by Mr. Gaines, Chief Justice, held the Act of the Legislature of 1897, limiting the compensation of certain officers, which was applicable to certain counties and not to other counties, was not a special law and therefore not unconstitutional. Said Act is very similar to the one here under consideration. The opinion of Judge Gaines is able and well considered on the subject of what is and what is not a special law. Since then the very question involved in this case came before the Court of Criminal Appeals in the case of Smith v. State, 54 Texas Crim. Rep., 298, and it was held, in an able opinion by Mr. Justice Brooks, that the Act of the Thirtieth Legislature (Laws 1907, chapter 139, page 269) was not a special law and therefore not unconstitutional. Mr. Justice

Davidson dissented from the majority of that court. But as the opinion of a majority of that court controls in criminal procedure, we are not inclined to lay down a different rule in civil cases. The solution of the question is not free from difficulty as there is a sharp conflict between the authorities of other jurisdictions. We therefore hold in deference to the holding in Smith v. State, *supra,* that the said Act is constitutional. See also dissenting opinion of Mr. Justice Brooks in Brown v. State, 54 Texas Crim. Rep., 121, for collation of authorities sustaining this holding.

The pertinent allegations of plaintiff's petition are that on the 20th day of May, 1906, about 9 o'clock a. m., plaintiff's wife Lula C. Danforth, with her baby in arms, became a passenger on the defendant's interurban car No. 11, at its 10th Street station in Oak Cliff, and paid her fare to the conductor of the car, to be carried to Ft. Worth, to visit her friend, Mrs. Elizabeth Derozier. When said car stopped in response to her signal at the intersection of Main and Weatherford streets in Ft. Worth for her to alight, and while she, with her seventeen-months old baby in her arms and in the exercise of greatest care and prudence to safely alight, was stepping from the rear platform to the step, from which she would alight to the street, her feet slipped from the step of the car and threw her with great violence and force down upon the street and backward against said step. That her feet slipped from the step of the car because of the step being worn, making the board thinner and slanting and slippery, and because of slippery mud having accumulated and being on said step. And because said step was defectively constructed, in that, it was too steep and without sufficient projection, and was all the more dangerous being thus defectively constructed and the more liable to cause a passenger to slip and fall in stepping from the platform to this worn, muddy and slippery step. That at the time plaintiff's wife, with her baby in her arms, was leaving the car, and while she was attempting to step from its rear platform to the street, the defendant's conductor, who knew of the condition of said step, and which was not known to plaintiff's wife, was standing idle and unoccupied on the rear platform of the car, leaning against the platform rail, and said plaintiff's wife with her infant baby in her arms, attempting to get off the car, and said conductor well knowing that plaintiff's wife needed assistance and warning on account of said condition of said step of the car, yet he remained in his position aforesaid on the rear platform of the car and failed and refused to assist her to alight therefrom or even to warn her of the dangerous condition of said step, but remained idle and silent, and made no effort to assist her or to inform her of the dangerous and perilous position she would be subjected to in using said step in alighting from the car. That at the time of said accident plaintiff's wife was three months pregnant with child, and the serious and painful injuries she received from said fall caused her to suffer a miscarriage on May 27, 1907, one week after the accident. After the accident she was confined thereby to her bed for about three weeks, and said serious and permanent injuries and miscarriage caused her excruciating mental and physical suffering, and will continue so to do. The evidence sustains the alle-

gations of the petition, and plaintiff's wife was not guilty of contributory negligence.

The appellant's second assignment of error is: "The court erred in the following paragraph of his charge to the jury: 'It is the duty of an interurban car conductor to be prudent and skillful and cautious to see that his passengers are not injured while alighting from his car, and in case the passenger on the car is injured while alighting by the negligence of the conductor, if any, that is, his failure to exercise the greatest degree of care as defined in the above paragraph for the safety of the passenger, such failure, if any, constitutes negligence on the part of the railway company. It is the duty of the railway company, by which is meant the defendant company herein, to exercise the greatest degree of care, as defined above in this charge, to select for its use cars with steps so constructed as not to expose to danger passengers alighting therefrom, but to maintain and keep all steps in such condition while using the car.'" This charge is part of the fifth paragraph of the court's charge. The preceding part of said paragraph five reads as follows: "It is the duty of the railway company to use such means and foresight in providing for the safety of passengers alighting from its cars as persons of the greatest care and prudence would use under similar circumstances; the degree of care required is such as very prudent, careful, competent persons would exercise under similar circumstances, and a failure to exercise such care constitutes negligence." The appellant's contention is, in effect, that it places a greater burden on defendant than justified by law in requiring the conductor to be skillful and cautious in seeing that passengers are not injured while alighting from the car, and that it was calculated to mislead the jury into the conclusion that it was the duty of the conductor to have been skillful and cautious to aid plaintiff to alight from the car, when such issue was one for the jury's determination. In the paragraph of the charge complained of the court was merely defining the duty of carriers of passengers imposed by law. In telling the jury that it was the duty of the conductor to be prudent, skillful and cautious to see that his passengers are not injured while alighting from his car, does not impose a greater burden upon the appellant than the law requires. The degree of care prescribed for the government of carriers of passengers is the highest known to the law, and in instructing the jury as to this duty it is not subject to the criticism that it is misleading to the jury.

Another contention, in effect, is that said paragraph is erroneous, wherein it tells the jury that "It is the duty of a railway company, by which is meant the defendant company herein, to exercise the greatest degree of care, as defined above in this charge, to select for its use cars with steps so constructed as not to expose to danger persons alighting therefrom, but to maintain and keep all steps in such condition while using the car," in that it was upon the weight of the evidence, etc. The greatest degree of care, as above defined by the court, was "such as very prudent, careful, competent persons would exercise under similar circumstances." This we understand to be the care imposed by law on carriers of passengers. The court in the succeeding paragraph (No. 6) of its charge, in applying the law to the facts, left

it to the jury to determine whether or not it was negligence for the conductor to fail to assist, as to the step of the car being properly constructed, and as to being slippery from mud, etc. The court also charged on contributory negligence of plaintiff, and when the charge is considered as a whole we think the issues raised by the evidence were fairly and fully presented to the jury, and appellant's objections thereto are not well taken. (Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 348; Allen v. Galveston City Ry. Co., 79 Texas, 631; Texas & Pac. Ry. Co. v. Miller, 79 Texas, 78.)

The remaining assignments of error presented by appellant complain of other portions of the court's charge as being upon the weight of the evidence. As before said, the charge should be considered as a whole, and when all the paragraphs are considered together it is not susceptible to the criticism urged. Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.