Argued July 6, affirmed July 24, rehearing denied September 19, 1917.

## NELSON v. UNITED RAILWAYS CO.

### (166 Pac. 763.)

**Appeal and Error—Reversible Error—Admission of Incompetent Testimony.**

1. In an action for injuries alleged to have been caused by the failure of defendant railway's servant to render suitable assistance to plaintiff disembarking from its car, permitting one familiar with the road in question to testify, over objection, that at some stations there would be good platforms and at others, used by a very small number, the platforms were rough, etc., was not reversible error; the evidence not being sufficiently material, although it may have been incompetent.

**Carriers—Safe Place to Disembark—Duty of Railway Company.**

2. It is the duty of a railway company to provide safe and convenient means for entering and leaving its vehicles, but it is not bound to exercise an infallible judgment in such matters.

  [As to duty of railroad companies to keep stations safe for passengers and others, see note in 29 Am. St. Rep. 55.]

**Carriers—Injuries to Passengers—Safe Place to Disembark—Questions for Jury.**

3. Whether the failure of defendant's servants to furnish a stool for plaintiff to step on when she alighted from the car constituted negligence on the part of the railway, or whether the brakeman rendered proper and adequate support when she disembarked at the station, were questions for the jury.

From Multnomah: T. E. J. DUFFY, Judge.

Action by Charlotte Nelson against the United Railways Company, to recover for personal injuries al-

leged to have been caused by the negligent act of defendant and its employees. From a verdict in favor of defendant, plaintiff appealed. Affirmed.

Department 2. Statement by MR. JUSTICE BEAN.

This is an action for personal injuries alleged to have been caused plaintiff, by the negligent acts of the defendant's servants in failing to render her suitable assistance in disembarking from its car. The cause was tried to the court and a jury and a verdict rendered in favor of defendant. From the judgment thereon plaintiff appeals, assigning errors.

The plaintiff's case is stated in her counsel's brief in substance as follows: On January 13, 1915, she boarded one of defendant's cars in Portland bound for Glenn Harbor, one of its stations a short distance from the town of Linnton. The train stopped there for the purpose of discharging passengers. The brakeman got off the car, took the plaintiff's umbrella, and taking hold of her hand tacitly invited her to jump from the steps to the ground, a distance of between two and three feet. There was no platform, and in striking the ground which was covered with cobblestones the plaintiff sprained, twisted, or bruised her right knee dislocating the semi-lunar cartilage and rendering her a cripple for life.

The defendant company is charged with negligence in not providing a safe and proper place for the alighting of its passengers at Glenn Harbor; in not furnishing steps or other means so that passengers might embark and disembark in safety; in operating its cars with steps too high and too far from the ground; and in failing and refusing to use a bench or stool in order that the passengers might safely land. It is also charged that the agents of the defendant failed prop-

erly to support and assist the plaintiff, in leaving the car, although she was a woman of more than fifty years and rather frail and delicate physically. Defendant's counsel in their brief make an additional statement to the effect that at the time of the accident complained of, because of the rain and the soft gravel of the platform, the brakeman concluded not to use the stepping-block fearing it might turn with the weight of the passenger, but took Mrs. Nelson by the arm and assisted her in stepping to the ground. The distance from the car-step to the ground was 22 inches as shown by measurements offered by defendant, and it was estimated by plaintiff to be between two and three feet. No intimation was given the train employees that Mrs. Nelson had sustained any injury in alighting from the car and defendant contends that the record discloses that it was questionable whether any ill effects remained at the time of the trial. The charge of negligence is that a safe and proper place for the alighting of passengers was not provided and this is explained to mean that in view of the distance from the car-steps to the ground the brakeman should have used his stepping-block. These statements show the contentions of the opposing parties. The particular contention of the plaintiff in this case is that the trial court erroneously permitted damaging evidence to be admitted over the objection of plaintiff which manifestly influenced the jury in its verdict.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. C. M. Idleman.*

For respondent there was a brief over the names of *Mr. C. A. Hart* and *Messrs. Carey & Kerr,* with an oral argument by *Mr. Hart.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. At the inception of the trial Mrs. Charlotte Nelson, upon interrogatories of her counsel, set the pace for the introduction of the testimony complained of by testifying to the following effect: On the day mentioned she went from Portland to Glenn Harbor, paying her fare. When she reached there the brakeman got down, put up her umbrella because it was raining awfully hard, and reached up his hand and took hold of her's to assist her. When she got to the lower step she had to jump down. The brakeman did not support her "very much." He furnished her with no stepping-block or stool. She stated she could not tell the exact measurement from the lower step to the ground, but that "it would come up to about my hip."

"Q. Somewhere between the knee and the hip?

"A. Yes; because when I was on the ground and reached up my hand they took mine. I know that, for I boarded the car, that same car, and at other places it was all I could do to get up from the ground to the lower step.

"Q. That is all level ground?

"A. Yes, sir.

"Q. A platform there?

"A. Yes; but this platform was all packed with all sizes of round rock, all the way from your fist down to little pebbles."

She testified that when she alighted her ankle and knee and whole limb hurt. It is in evidence that she took no regular treatment for her injuries. The defendant company used a foot-stool at times for passengers to alight. At the beginning of the unfolding of the testimony on the part of defendant, W. E. Burkhalter, a civil engineer, testified in effect that he was familiar with defendant's railroad line and with the station facilities in different places to a certain extent;

that especially between Portland and Linnton it was practically street-car service. He gave a detailed description of the surburban travel, stating that stops were frequently made to accommodate passengers where people wanted to get off at places not on the time card. To the interrogatory: ''What sort of facilities would be at such places?'' defendant objected, and, as the trial court explained, in order to lead up to the matter the witness was permitted to answer as follows: ''At points where a great number of people used the station platform there would be a good platform, and at points which were only used by a very small number, the platform would be very rough, depending—the condition of the platform would vary as to the number of people that used the station.'' Plaintiff's counsel saved an exception to the ruling of the court and assigns the same as an error for which a reversal of the judgment is asked. It will be noticed that while the want of a proper and safe place for the plaintiff to alight from the car is alleged, yet the gist of the evidence is directed to a failure adequately to assist the plaintiff in alighting; that the brakeman failed to give her much assistance in alighting from the car and failed to furnish her any stool for that purpose. She stated that there was a platform there, and mentioned the want of facilities for boarding and alighting from the car at other places. It is apparent that the testimony objected to is general, and it may be far fetched or of little materiality. It was held in *Illinois Surety Co.* v. *Frankfort Heating Co.,* 178 Ind. 208 (97 N. E. 158), that it is not competent to establish the quality or efficiency of the machine in controversy by proving that of a machine sold to some one else. That the testimony objected to was important or touched upon a pivotal or determinative issue in the

case we are unable to observe. It does not appear to have been introduced as an excuse for any defect in the facilities furnished by defendant at the station mentioned. As we understand the outline given by the witness the description covers this station as well as others. In so far as it had a bearing upon the issue it was in part favorable to plaintiff. It is impossible to conceive that the evidence admitted over the objection of counsel for plaintiff influenced the verdict rendered. Whatever may be said as to its competency it was not of sufficient materiality upon which to base a reversal: *Brown* v. *Oregon-Wash. R. & N. Co.*, 63 Or. 396 (128 Pac. 38); *Schulte* v. *Pacific Paper Co.*, 67 Or. 334 (135 Pac. 527, 136 Pac. 5); *Mackay* v. *Commission of Port of Toledo,* 77 Or. 611, 619 (152 Pac. 250). There is little question in regard to the law. The difficulty, if any, is as to its application.

2. It may be stated as a general rule that it is the duty of a common carrier to provide safe and convenient means of entering and leaving its vehicle. This includes the exercise of due care in the construction and keeping in at least a reasonably safe condition the steps of cars and other appliances for enabling passengers to board and alight from its cars. It is not, however, bound to exercise an infallible judgment in such matters, and is generally considered to be guilty of no breach of duty if the method of construction adopted is in common use and approved by experience, but it has been held that it cannot excuse itself unless the appliances used by it were reasonably safe, though they were such as had been adopted and used by others. It may be the carrier's duty under certain circumstances to provide a stool or box for the use of a passenger entering or leaving its car, for instance, where the steps of such car are inconveniently high,

or where the car has been stopped at a point where there is no platform.   Whether or not the carrier has been negligent in the construction of its steps or in furnishing other appliances for enabling the passenger to board and alight from its vehicle is usually a question for the jury under the facts of the particular case: 4 R. C. L., p. 1233, § 653.   In the notes to *Thompson* v. *Gardner etc. St. Ry. Co.* (Mass.), 118 Am. St. Rep. 473, we find:

"It is the duty of a street railroad company to know that the place where its cars stop to discharge passengers is a reasonably safe place, and a passenger can assume it is safe, unless obviously dangerous; *Mobile Light & R. Co.* v. *Walsh,* 146 Ala. 290  (40 So. 559, 9 Ann. Cas. 852)."

It is also there said:

"The rule holding street-car companies liable for negligence if they fail to provide passengers a place to alight in safety is because the relation of carrier and passenger does not cease until the passenger is safely off the car. * * Thus, when the steps of the car are so high that a passenger cannot conveniently alight, the company is negligent if it fails to furnish a box or platform, or assist the passenger in alighting, or warn him of the danger and give plenty of time: *Truesdell* v. *Erie R. Co.,* 114 App. Div. 34  (99 N. Y. Supp. 694.)"

It is for the jury to determine in a particular case whether the carrier was negligent in its failure to provide a stool to assist passengers to alight: Note to *Traphagen* v. *Erie R. Co.,* 9 Am. & Eng. Ann. Cas. 965; *Missouri Pac. Ry. Co.* v. *Wortham,* 73 Tex. 25 (10 S. W. 741, 3 L. R. A. 368, and note); *Missouri etc. R. Co.* v. *Sherrill,* 32 Tex. Civ. App. 116 (72 S. W. 429).

3. Whether or not the failure of the defendant's servants to furnish a stool for plaintiff to step on when

she alighted from the car constituted negligence on its part, or whether or not the brakeman rendered her proper and adequate support when she disembarked from the car at the station named, were questions for the jury under all the facts and circumstances of the case to be determined under proper instructions by the court as to the law. This determination having been made, and finding no reversible error in the record, the judgment of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.

———

Argued May 29, reversed June 26, rehearing denied September 19, 1917.