TEXAS POWER & LIGHT CO. v. HEALER
et al.   (No. 6169.)

(Court of Civil Appeals of Texas.   Austin.
Oct. 8, 1919.   Rehearing Denied
Nov. 26, 1919.)

APPEAL AND ERROR ⬅662(2) — TRANSCRIPT
SHOWING TIME OF FILING WRIT OF ERROR
CONCLUSIVE.

Where the transcript shows that on the day final judgment was rendered for plaintiff the trial court overruled defendants' general demurrer to the petition, but the record contains nothing to show that the order was not entered of record as indicated by the transcript on the date the case was tried and final judgment rendered, plaintiff's motion to dismiss defendants' writ of error cannot· be successfully resisted on the ground that time for suing out the writ dates from the time a certain nunc pro tunc order overruling demurrer was subsequently made.

Error from District Court, McLennan County; Geo. N. Denton, Judge.

Action by J. C. Healer and others against the Texas Power & Light Company. To review judgment for plaintiffs, defendant brings error. On motion to dismiss the writ. Motion sustained.

Sanford & Harris, of Waco, for plaintiff in error.

Alva Bryan and W. L. Eason, both of Waco, and John Maxwell, of Austin, for defendants in error.

KEY, C. J.   The final judgment in this case was rendered on May 16, 1918, and the petition and bond for writ of error were not filed until June 10, 1919. The defendants in error have submitted a motion to dismiss the writ of error, because the same was not applied for within 12 months after the rendition of the judgment, as required by the statute now in force. In reply to that motion, the plaintiff in error states that the original judgment was not correctly recorded in the minutes of the court, in that it failed to show that the trial court had overruled the plaintiff in error's general demurrer to the petition of the defendants in error, and that during the month of August, 1918, upon application of the plaintiff in error, the trial court made a nunc pro tunc order showing that the general demurrer was overruled as stated;

and it is contended on behalf of the plaintiff in error that the time for suing out a writ of error dates from the time the nunc pro tunc order was made, and,·as the writ of error was sued out within 12 months from that time, that the motion to dismiss should be overruled.

In the reply of the plaintiff in error to the motion to dismiss it is stated:

"On the ——— day of August, 1918, on motion of Texas Power & Light Company, the trial court entered an order, nunc pro tunc, overruling plaintiff in error's general demurrer to the petition of defendants in error. (See transcript p. —— for the order and affidavit of the clerk of the district court as to the date of the entry of the order.)"

We have carefully examined every page of the transcript, and have failed to find any such order. The transcript does contain an application for such nunc pro tunc order, but it does not show that that application was ever called to the attention of or considered by the trial court. On the contrary, the transcript shows that on the day the final judgment was rendered the court overruled the general demurrer referred to, but there is nothing in the record to show that that order was not entered of record, as the transcript indicates, on the date the case was tried and final judgment rendered.

Therefore, if it be conceded that counsel for the plaintiff in error are correct as to the legal proposition asserted by them, still, as the record does not bring this case within the rule referred to, we must hold that the answer to the motion to dismiss is insufficient; and, as the writ of error was not sued out within the time prescribed by statute, the motion to dismiss is sustained.

Motion granted.