## SAN ANTONIO & A. P. RY. CO. v. WIUVAR.*
### (No. 7048.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1923. Rehearing Denied Jan. 16, 1924.)

1. **Carriers ⬤⟲303(6)—Liable for injuries resulting from failure to provide safe place for passengers to alight.**

A carrier failing to provide a safe place or negligently providing an unsafe place for passengers to alight from a train is liable for injuries directly caused and contributed to thereby.

2. **Carriers ⬤⟲280(1)—Owe highest degree of care to passengers.**

Common carriers owe the highest degree of care to their passengers.

3. **Carriers ⬤⟲303(8)—Carrier not bound to assist able-bodied passenger from train, especially in daytime.**

It is not the duty of a carrier to assist strong, healthy persons, well able to care for themselves, to alight from a train, especially in the daytime, by the usual number of steps of the proper standard onto a well-paved, even concrete platform, the usual distance from the last step.

4. **Carriers ⬤⟲321(23)—Trial ⬤⟲352(4)—Giving and refusal of charges held erroneous as emphasizing acts of negligence not alleged or proved.**

In an action for injuries to a passenger falling on a well-paved, even station platform, as she alighted from a train, the court erred in submitting issues as to negligence in stopping the train at such place and not rendering assistance to plaintiff in alighting thereat, and in refusing an instruction to find for defendant, unless plaintiff fell because of the distance from the step to the platform, which was the issue raised by the pleadings and evidence.

5. **Carriers ⬤⟲321(14)—Submission of negligence in failing to furnish employee to assist passenger in alighting as independent ground of recovery held erroneous.**

In an action for injuries to a passenger on alighting from a train, submission of defendant's negligence in failing to furnish an employee to assist her in alighting as an independent ground of recovery *held* erroneous; the existence of such duty in the particular case being a question of fact, even if such an employee were furnished.

6. **Appeal and error ⬤⟲843(2)—On reversal for giving and refusing charges, other charges requested by appellant not considered.**

Where a judgment is reversed for giving and refusing instructions, other charges requested by appellant need not be discussed.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Dolores Wiuvar against the San Antonio & Aransas Pass Railway Company.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 27, 1924.

Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Boyle, Ezell & Grover, of San Antonio, for appellant.

Davis & Long, of San Antonio, for appellee.

COBBS, J. Appellee sued appellant to recover damages for personal injuries alleged to have been inflicted on her on the 30th day of January, 1922. It was alleged that she was a passenger upon appellant's train, and when she attempted to alight at appellant's passenger depot, on account of appellant's failure to furnish a safe place for passengers to alight from the passenger coach to the platform, she was caused to fall with great force and violence to and against the platform and ground, and was seriously and permanently injured.

It was also alleged that, by reason of appellant's failure to furnish a safe place to stop the train at said depot where appellee could safely alight, it was its duty to furnish assistance to the appellee in alighting from the train, which appellant wholly failed to do. Also that the negligence of appellant in failing to perform its duty in the manner alleged and indicated directly caused and directly contributed to appellee's said injuries. There was no defense pleaded other than a general denial.

The case was tried with a jury, who awarded appellee $7,500, for which amount judgment was entered in favor of appellee.

The undisputed evidence showed that appellee boarded the train at Saspamco, having no one traveling with her, except there was on the train with her a Mexican boy, who appeared then and afterwards to be looking after her. She was a stout, strong Mexican woman about 50 years old, weighing about 196 pounds.

She nor the boy with her spoke the English language, and their testimony was elicited through the aid of an interpreter, which is always unsatisfactory, and very much so in this case. Briefly and concretely, the facts, as we gather them, are: When the train arrived at the depot appellee departed from the train together with the other passengers, the conductor, porter, and the Mexican leaving ahead of her, and standing on the platform as she began to descend the steps to reach the platform. She was not incumbered with baggage, and had not called for assistance. It had been raining, and the platform was wet and slippery. When she placed her right foot on the platform it slipped, and she fell, injuring herself.

[1] If appellant failed to provide a safe landing place for appellee, a passenger, to alight from its train on the occasion named, or, as appellee contends, negligently provided an unsafe place for appellee to alight from said train, and this negligence directly caused and contributed to appellee's injuries, it would be liable to appellee, as the consequence of its negligence.

Taking appellee's own testimony and that of her traveling companion, and for the purpose of determining the negligence of appellant from her own standpoint, and for the time being lay out of sight any of appellant's testimony, save that of the master car builder which is undisputed, to get a clear conception of the steps of the car and the platform, and the distance from the steps to the platform, it is not apparent there was actionable negligence shown sufficient upon which to base a recovery.

The testimony is undisputed that the depot platform was about 18 feet wide, was made of concrete, and practically level, and but a few inches, say 14 inches, not over 20 inches, below the lowest step of the car. There was no defect claimed or proven in the platform or steps themselves, but appellee pleaded that it was a dangerous and unsafe place for passengers to alight, "and especially this plaintiff to alight from said train, in that the distance from the step of the coach in which plaintiff was a passenger to the platform or ground was so great as to make it unsafe for plaintiff to alight," and for that reason appellant negligently failed to assist plaintiff in alighting from said train.

The first issue submitted to the jury was: "Was the distance from the bottom step down to the depot platform so great as to make it unsafe for the plaintiff to alight from said step at said place?" And next in sequence, Was it negligence "to stop the train in such position that plaintiff was required to alight at said place"?

[2] It is true, common carriers owe the highest degree of care to their passengers. But it is shown here that the platform was of the very best material, made of concrete, and no defect in its construction; numerous passenger cars daily stop and discharge their passengers; and no complaint is made of its construction; that the platform and the steps from appellant's car were in good repair, and no complaint is made as to any defect in their construction and maintenance, but the complaint in respect thereto was that it was unsafe for "plaintiff to alight from said train, in that the distance from the step of the coach * * * to the platform or ground was so great as to make it unsafe for plaintiff to alight."

Appellee herself was familiar with that train and that platform provided for passengers to alight, as she had traveled over it before. The distance to the platform from the last step was the usual and customary distance in such cases, and the same as used on Ford passenger cars.

When appellee stepped from the last car step, following other passengers leaving the car, she placed her foot upon the platform, where her foot slipped, and she fell and in-

jured herself. No box was put down for her or any other passenger. The porter stood there ready to assist her or any passenger. The conductor was close by, and next to appellee stood her friend, the Mexican boy. Appellee called for no assistance, neither did any other passenger. The question arises at the very outset, Was there enough testimony on the question of negligence to submit to the jury?

[3] Certain cases may arise, as said by this court in Railway Co. v. Williams, 183 S. W. 1185, when it may become the duty of the carrier to assist its sick, weak, old, or disabled passengers from the train, but not so for strong healthy females or other persons well able to care for themselves. Ry. Co. v. McCullough, 18 Tex. Civ. App. 534, 45 S. W. 324; Traction Co. v. Flory, 45 Tex. Civ. App. 233, 100 S. W. 200; Railway Co. v. Finley, 79 Tex. 85, 15 S. W. 266; Railway Co. v. Spear (Tex. Civ. App.) 107 S. W. 613; Hutchinson on Carriers, section 617a, page 73.

Appellee contends that her case is controlled by the cases of North Texas Tr. Co. v. Danforth, 53 Tex. Civ. App. 419, 116 S. W. 147; Railway Co. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; Flory v. San Antonio Tr. Co. (Tex. Civ. App.) 89 S. W. 278; Railway Co. v. Buchanan, 31 Tex. Civ. App. 209, 72 S. W. 96; Campbell v. Alston (Tex. Civ. App.) 23 S. W. 33; and Railway Co. v. Williams (Tex. Civ. App.) 183 S. W. 1185.

Under the facts proven, we do not believe in this case that any duty was imposed on the appellant to assist appellee to alight from the train. Texas Midland Ry. v. Frey, 25 Tex. Civ App. 386, 61 S. W. 442; Railway v. Sherrill, 32 Tex. Civ. App. 116, 72 S. W. 429; Young v Railway, 93 Mo. App. 267; 10 C. J. §§ 1352–1354; Ry. v. Buchanan, 31 Tex. Civ. App. 209, 72 S. W. 96; Ry. v. Terry, 27 Tex. Civ. App. 341, 65 S. W. 697; Ry. v. Dyer, 152 Ky. 264, 153 S. W. 194, 48 L. R. A. (N. S.) 816; Ry. v. Green, 85 Ark. 117, 107 S. W. 168, 14 L. R. A. (N. S.) 1148; Ry. v. McCullough, 18 Tex. Civ. App. 534, 45 S. W. 324; Ry v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; Traction Co. v. Pressell, 39 Ind. App. 472, 77 N. E. 357; Ry v. Carlisle, 2 Ala. App. 514, 56 South. 737; Deskins v. Railway, 151 Mo. App. 432, 132 S. W. 45; C., R. I. & G. Ry. v. Wisdom (Tex. Civ. App.) 216 S. W. 241.

[4] We do not think the court was justified from the evidence to submit issue No. 4 to the jury to "ascertain if there was negligence in stopping the train in such position as that plaintiff was required to alight at such place." There was no dispute about the platform, nor that it was properly constructed, for it was a concrete platform of uniform length and width, and the issue of fact was and would be the same as to its condition wherever the train stopped alongside of it. It would have been just as safe to stop the train at one place alongside the platform as another, and, if there was any negligence in stopping the train at one place alongside the platform, it would have been negligence to stop it any other place. There is no proof or pleading that there was any defect in the platform, and this charge emphasizes an act of negligence not attempted to be shown by the proof, and this issue of negligence is further emphasized by the court in issue No. 5 to the jury to answer, if it directly caused or directly contributed to appellee's injuries.

Then this idea of the injury caused by the stopping of the train at a particular place alongside the platform is emphasized by the further issue submitted, issue No. 6, Did the failure of the porter to "render assistance to the plaintiff when she alighted from defendant's car at the time and place mentioned" cause her injury? and followed by the issue No. 7, "Was said servant of defendant negligent in not rendering plaintiff such assistance?"

None of the issues is related definitely to the alleged negligence of the appellant submitted in charge No. 3, "Was the distance from the bottom step down to the depot platform so great as to make it unsafe for the plaintiff to alight at said place?" The charges are confusing if not contradictory. There is no proof that there was any difference in the place on the platform where plaintiff alighted from any other. The platform was the same all along.

There was no allegation or proof that justified the submission of negligence of the servant in not assisting the lady. There was a well-paved, even, concrete platform for passengers to alight on. There was the usual number of steps of the proper standard for the appellee to pass down, and being in the daytime it was obvious to her; the porter was standing by, and others who could have assisted her if she had required it, or had she made her wishes known. And under the circumstances it was not negligence in any one connected with appellant to not assist or tender assistance further than was done by the porter, who was standing close by ready to assist upon request.

On the question of negligence, as the court directed the jury by the fourth and fifth charges to answer, the appellant requested the court to instruct the jury, that "unless they believed from a preponderance of the evidence that by reason of the distance from said coach step to the platform or ground plaintiff fell and was caused to fall, and was thereby injured that then they would answer question No. 5, ' 'No.' "

This charge should have been given. The issue of negligence pleaded and proven on the question of safe place for landing had relation to the distance from the step to the platform, and not to any defect in the platform itself.

In connection with the charge submitting

as negligence the failure of the porter to assist appellee to land, appellant submitted charge No. 4, to the effect that, if the jury believed from the evidence (and there was evidence to that effect) appellee undertook to alight from the train backwards, and that a person of ordinary care would not have done so, and that if her foot slipped from said step it was wholly caused to slip by the manner in which she attempted to alight from said steps, that then the jury would answer questions Nos. 5 and 8, "No."

[5] It was error in the court to submit as an independent ground of recovery the negligence of appellant to furnish an employé to assist appellee to disembark from the train.

The other grounds of negligence were specifically alleged to be independent acts of negligence proximately resulting 'in the injury. The failure to furnish a suitable place to stop trains for passengers to get off is a legal duty, but there is no legal duty imposed on carriers to furnish servants to assist persons in either boarding or leaving trains. Even though furnished, it would become a question of fact whether such duty arose in the particular case. Ry. v. Works (Tex. Civ. App.) 100 S. W. 962.

[6] There were other charges·requested by appellant that should perhaps have been given, but not necessary to discuss further, as the judgment will be reversed.

For the reasons already given, we believe the trial court erred in not setting aside the verdict and granting a new trial. The judgment of the trial court is here reversed, and the cause remanded.