## YOUNGSTOWN MUNICIPAL RY. CO v BROWN

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 14, 1933

Harrington, Huxley & Smith, Youngstown, for plaintiff in error.

William E. Pfau, Youngstown, for defendant in error.

ROBERTS, J.

This, in substance, constitutes the issue in this action. Extended oral arguments were made by respective counsel, and written briefs were presented for consideration, consisting on the part of the defendant of fifty-five long pages, and on the part of the plaintiff of thirty-two pages. As a result of the studious industry of counsel a large number of cases were cited and quoted from as tending to support the contention of the respective sides of the issue. The efforts of counsel for the plaintiff were quite successful in brief in indicating that the authorities cited by counsel for the defendant were not decisive or applicable to the issue. Then counsel for the defendant succeeded quite well in indicating that the authorities cited by counsel for the plaintiff had but little, if any, application to the issue in this case.

This court has spent several days in the reading of briefs, the examination of authorities cited and in a search for other authorities which might be persuasive or determinative of the issue. On behalf of the plaintiff it is contended, in effect, that this car was one of many of a similar or like design in long and general use as having the same elevation as construed of the step from the level of the rail. This court is not adverse to a theory that such a general and long used design might assume the condition of a general standard appropriate to recognize as being proper. The difficulty in this case arises, in part at least, from the fact that while the elevation of the step from the rail may remain substantially uniform, the distance from the step to the pavement, such distance from the rail in actual use varies to a considerable extent as in the case at bar, evidently increasing from fourteen and a fraction to twenty and a fraction inches, or making the step about one-half longer than evidently intended.

Many of the cases cited involve defective conditions in the roadway or pavement beneath the step of the car. No complaint is made in this regard in this case. The case of Southwestern Gas & Electric Company v Nichols et, 254 SW, at page 215, it being a Texas case, involved an action against a street railway company for injuries to an alighting passenger, in which it was alleged that the railway company was negligent in having the step unnecessarily high from the ground. The third paragraph of the syllabus reads:

"In an action for injuries to alighting street car passenger in which negligence was claimed in having a step unreasonably high from the ground, and in which there was no evidence of a municipal regulation fixing the distance of the street car steps from pavement, the question of whether a step was at a reasonable distance from the ground was a jury question, unless the distance was obviously unreasonable."

In the opinion it is said, on page 516:
"The real question in this case which should have been submitted to the jury is, was the step of the street car too high from the ground to allow passengers to alight with safety? According to Mrs. Nicholls' testimony she was injured, not because the rails were too high, but because the step was too high. That issue was not submitted in a form which enabled the jury to pass upon it without reference to the height of the rails above the street. It is immaterial how high the rails are above the level of the street if the step is not unreasonably high or if because of its height proper facilities are furnished by the street car company to enable passengers to alight with safety."

This was a case which seems to involve the precise question as to whether the distance between the step and the pavement was unreasonable and that it was a question of fact for determination by the jury.

The case of San Antonio & A. P. Ry. Company v Wiuvar, 257 SW, 667 involves the right of recovery of a woman who received an injury in stepping from a train to the platform. On page 669 it is said in the opinion:

"None of the issues is related definitely to the alleged negligence of the appellant submitted in charge number three: 'Was the distance from the bottom step down to the depot platform so great as to make it unsafe for the plaintiff to alight at said place?' * * * On the question of negligence, as the court directed the jury by the fourth

and fifth charges to answer, the appellant requested the court to instruct the jury that unless they believed from a preponderance of the evidence that by reason of the distance from said coach step to the platform or ground, plaintiff fell and was caused to fall, and was thereby injured, that then they would answer question five 'No.'

This charge should have been given. The issue of negligence pleaded and proven on the question of safe place for landing, had relation to the distance from the step to the platform and not any defect in the platform itself."

This case avers similar issues to those of the case at bar and recognizes the duty of submission of the disputed proposition as to whether or not the distance between the step and platform was unreasonably great to the jury as a question of fact for its determination. The contention of the defendant in various aspects and upon numerous propositions is based upon the assumption and contention that the testimony of the plaintiff did not indicate a cause of action or a right to relief. The issue submitted to the jury was the alleged unreasonable height of this step from the pavement. That was the proposition upon which the plaintiff claimed a right of recovery. The defendant urges that the court should have directed a verdict for the defendant at the close of plaintiff's testimony, and again at the close of all of the testimony. The trial court has no right to direct a verdict unless there is an utter absence of testimony tending to indicate a right or cause of action in the contention of the plaintiff or an absence of such evidence as would justify an inference favorable to the contention of the plaintiff, unless the court can say properly that this distance in controversy was a matter of law not an unreasonable distance and did not constitute negligence, then the court was not authorized to take the case from the jury and direct a verdict. Perhaps the court might assume and so direct a jury that a step down of ten or twelve inches would not be negligence, but how far may a court hold upon this proposition, assuming, for instance, that thirty inches would be an unreasonable descent, could a court say that twenty-five or twenty or fifteen inches would be an unreasonable or not an unreasonable distance? It seems clear that this proposition, and concerning which reasonable minds might differ, is essentially a proposition to be submitted to a jury for its determination. The jury by its verdict in this case found for the plaintiff, thus holding that the step was unreasonably long, presumably taking into consideration the environments of this accident, that the plaintiff was a somewhat aged woman, that she could not see distinctly the distance to the pavement, that she was invited, in effect, by the defendant company, through its servants, to alight at this place, and she had a right to place some reliance on the invitation as indicating a proper place and proper conditions for her to alight.

The grounds upon which plaintiff in error seeks relief in this court are ten in number, the seventh of which relates to alleged misconduct of counsel for the plaintiff in continually asking incompetent questions, and the eighth relates to error in the admission of testimony. Neither of these propositions involve reversible error. The first ground is that the court should have directed a verdict for the defendant at the conclusion of the plaintiff's testimony and at the conclusion of all the testimony. The fifth is that the court erred in giving certain instructions to the jury. The sixth, error in the trial court permitting all of the allegations of negligence in the petition to go to the jury. Ninth, error in the general charge, and tenth that the evidence was not sufficient to go to the jury. All of these grounds are based upon the proposition that the plaintiff did not have a cause of action, that the matter concerning which she complains, to-wit: The distance which she stepped down from the step to the pavement was not a negligent or actionable condition. Whether or not it was such is not for this court to say, but it is now held that this was a competent issue of a question of fact to be submitted to and decided by the jury. So holding, it is the opinion of the majority of this court that reversible error did not occur in this case, and the judgment of the Court of Common Pleas is affirmed.

FARR, J, concurs.
POLLOCK, J, dissents.